**William BIGGS, Appellant,**

v.

**LOGICON, INC., Appellee.**

**No. 81–1135.**

United States Court of Appeals,
Eighth Circuit.

Nov. 4, 1981.

Henry J. Osterloh, Little Rock, Ark., for appellant.

E. Spivey Gault, Lake, Tindall, Hunger & Thackston, Greenville, Miss., Alvin Laser, Little Rock, Ark., for appellee.

Before ROSS, Circuit Judge, GIBSON, Senior Circuit Judge, and STEPHENSON, Circuit Judge.

PER CURIAM.

This is an admiralty action brought by William Biggs, an injured longshoreman, pursuant to § 5(b) of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. §§ 901–950 (1976). The defendant, Logicon, Inc., is the owner of an unmanned liquid cargo barge, the Barge Logicon 1300X. Biggs seeks damages for injuries

which he alleges resulted from Logicon's negligence. The case was tried to the court[1] without a jury. At the close of plaintiff's evidence, Logicon moved for an order of involuntary dismissal pursuant to Fed.R.Civ.P. 41(b). The court granted the motion.

The parties stipulated that Biggs was employed as a stevedore by Inland River Terminals Company (not a party to this action). Inland operates the loading and unloading facilities at the Port of Little Rock, Arkansas. Logicon arranged for Inland to remove a large pump from the 1300X. A crane was necessary to remove the pump. Biggs and a co-employee, John Patton, were assigned to this operation.

The district court found that Patton and Biggs attached the hooks on the crane to two eyebolts on top of the pump assembly. Patton operated the crane to lift the pump from the barge over to the bank with no apparent problem, and then began to lower the pump onto a waiting truck. Biggs stood in the bed of the truck to assist in placing the pump. While the pump was being lowered, one of the eyebolts broke. Before Patton could put the pump in the truck, the other eyebolt broke. The pump fell to the truck. The impact catapulted Biggs out of the truck, injuring him.

In reviewing an order pursuant to Rule 41(b), this circuit applies the "clearly erroneous" standard. *Shull v. Dain, Kalman and Quail, Inc.*, 561 F.2d 152, 154–55 (8th Cir. 1977), *cert. denied*, 434 U.S. 1086, 98 S.Ct. 1281, 55 L.Ed.2d 792 (1978); *Lang v. Cone*, 542 F.2d 751, 754 (8th Cir. 1976). A factual finding of the district court is clearly erroneous only if it is not supported by substantial evidence or if the reviewing court is clearly satisfied that a mistake has been made. *Shull v. Dain, Kalman and Quail, Inc., supra.*

The gist of plaintiff's argument is that (1) the eyebolt was defective, (2) the defect could have been detected by inspection, (3) defendant had a duty to inspect the eyebolt, and (4) defendant failed to inspect the eye-

bolt. The district court assumed without deciding that regulations issued by the Occupational Safety and Health Administration require inspection at the time of installation and annually thereafter. The record also indicates the district court's belief that the eyebolt was defective [Tr. 48]. The court was correct in concluding that plaintiff had failed to show a lack of inspection and failed to show that any defect or other negligence was attributable to defendant.

Plaintiff had the burden of showing negligence because of an amendment to the Longshoremen's Act. Prior to 1972 a longshoreman had a right to recover against third party vessel owners for either negligence of unseaworthiness (liability without fault). In 1972, Congress amended the Act to eliminate the maritime doctrine of unseaworthiness as a basis for recovery. Section 905(b) includes the relevant amendments:

> In the event of injury to a person covered under this chapter caused by the negligence of a vessel, then such person ... may bring an action against such vessel as a third party .... If such person was employed by the vessel to provide stevedoring services, no such action shall be permitted if the injury was caused by the negligence of persons engaged in providing stevedoring services to the vessel.... The liability of the vessel under this subsection shall not be based upon the warranty of seaworthiness or a breach thereof at the time the injury occurred.

In interpreting the Act, the Supreme Court recently stated:

> [A]bsent contract provision, positive law or custom to the contrary ... the shipowner has no general duty by way of supervision or inspection to exercise reasonable care to discover dangerous conditions that develop within the confines of the cargo operations that are assigned to the stevedore. The necessary consequence is that the shipowner is not liable to the longshoremen for injuries caused by dangers unknown to the owner and about which he had no duty to inform himself .... The shipowner, within lim-

---

1. The Honorable Henry Woods, United States District Judge, Eastern District of Arkansas.

its *is* entitled to rely on the stevedore, and owes no duty to the longshoremen to inspect or supervise the cargo operations. *Scindia Steam Navigation Co. v. Santos*, 451 U.S. 156, 172, 101 S.Ct. 1614, 1624, 68 L.Ed.2d 1, 15 (1981) (emphasis Court's).[2] Thus, plaintiff is required to prove that his injury was caused by defendant's negligence. The basis of plaintiff's claim is that defendant was negligent in not conducting inspections.

■ Plaintiff attempted to show a failure to inspect with the testimony of one witness. A deckhand for Logicon testified that in three years of working for Logicon he knew of no one coming aboard his barge to inspect the eyebolts. [Tr. 32–34]. The district court concluded there was "no proof" that OSHA regulations requiring inspections were violated. [Tr. 51]. At first blush, the deckhand's testimony may appear to be some proof, but in fact it is not.

To show a lack of inspection, plaintiff needed "negative knowledge," *i. e.*, testimony that a fact did not occur. There is nothing inherently suspect about such testimony. 2 Wigmore, *Evidence*, § 664 (Chadbourn rev. 1979). There is one key requirement, however. The witness should be so situated that in the ordinary course of events he would have observed the fact had it occurred. *Id.* Plaintiff presented no evidence as to this requirement. There was no testimony as to how frequently the deckhand was on Logicon's boats or whether he would likely be aware of an inspection if one had occurred. Therefore, it was proper for the district court to conclude there was no evidence of a failure to inspect.

Plaintiff also failed to show that any negligence was attributable to defendant. The district court stated its belief that the eyebolt broke because of a design defect. [Tr. 48]. Defendant stated as affirmative defenses that Biggs and/or Inland were negligent. Although plaintiff does not

have the burden of conclusively showing that the negligence was defendant's, he must present evidence that defendant's negligence is more likely the cause of his injury than the conduct of others. W. Prosser, *Law of Torts*, § 39, at 218–19 (1971). Plaintiff presented no evidence that an inspection would have disclosed a defect, design or otherwise; nor did he show that defendant was in a better position than the stevedores to detect the defect. There is no evidence to suggest that defendant's conduct is more responsible for plaintiff's injury than the conduct of others.

■ Finally, the doctrine of *res ipsa loquitur* is not available to impute negligence to defendant. The doctrine is applicable when (1) the event is of a kind which ordinarily does not happen in the absence of negligence, (2) other responsible causes, including the conduct of the plaintiff and third persons, are sufficiently eliminated by the evidence, and (3) the indicated negligence is within the scope of the defendant's duty to the plaintiff. *Restatement (Second) of Torts* § 328D (1965).

Plaintiff has failed to meet the second part of the test. He has not shown that the manufacturer was not responsible for a hidden defect. He has not shown that the stevedores were not negligent either in conducting the operations or in inspecting the eyebolts. Furthermore, since the eyebolts were not in defendant's exclusive control, an inference of defendant's responsibility does not arise. *Id.*, Comment g.

The judgment of the district court is affirmed.

---

**2.** When read in isolation, the quoted material could lead one to believe that a shipowner never has a duty of inspection. Other parts of the Court's opinion clearly show that the Court is referring to a duty to inspect during cargo operations. Earlier in the opinion the Court stated that the shipowner has a duty of reasonable care which can include inspection, a breach of which will leave him liable for negligence. 451 U.S. [at] 167, 101 S.Ct. at 1622, 68 L.Ed.2d at 12.