**Robert BEARD, Appellant,**

v.

**A.L. LOCKHART; Sgt. Robinson; Major Reed; Employees, Arkansas Department of Correction, Appellees.**

**No. 83–1086.**

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 6, 1983.

Decided Sept. 13, 1983.

1. The Honorable Henry Woods, United States District Judge for the Eastern District of Ar-

Steve Clark, Atty. Gen. by A. Carter Hardage, Asst. Atty. Gen., Little Rock, Ark., for appellees.

Before HEANEY, BRIGHT and McMILLIAN, Circuit Judges.

PER CURIAM.

Appellant Robert Beard, an inmate at the Arkansas Department of Corrections, filed an action under 42 U.S.C. § 1983 against the Director of the Arkansas Department of Corrections, A.L. Lockhart; a work squad supervisor, Sergeant Vernon Robinson; and the supervisor of all of the field work squads, Major Dale Reed. Beard alleges that Robinson threatened him and then permitted or caused another inmate to attack him while the two were left unsupervised. He further alleges that Reed denied him access to a doctor and that Lockhart is ultimately responsible for failing to protect him from assault. The district court[1] dismissed the suit against Lockhart prior to trial. Beard testified at trial and offered no other witnesses. At the conclusion of Beard's testimony, the court granted defendants' motion for involuntary dismissal pursuant to Fed.R.Civ.P. 41(b). Beard ap-

kansas.

peals contending the district court erred in dismissing Lockhart prior to trial and granting the remaining defendants' 41(b) motion. We affirm.

Rule 41(b) provides in pertinent part that after the plaintiff, in an action tried by the court without a jury, has completed the presentation of his evidence, the defendant may move for a dismissal of the complaint on the ground that upon the facts and the law the plaintiff has shown no right to relief. If the court grants the motion, it is required to make findings as provided by Rule 52(a). Such findings will not be reversed on appeal unless clearly erroneous. *Biggs v. Logicon, Inc.,* 663 F.2d 52, 53 (8th Cir.1981); *Lang v. Cone,* 542 F.2d 751, 754 (8th Cir.1976).

The district court's finding that Beard's testimony did not prove any misconduct by prison officials, but only that Beard had a fight with another inmate, is not clearly erroneous. Beard testified that Robinson was not present when the fight started and broke it up after a few minutes. He made no reference in his testimony to needing or being denied medical assistance. Since Beard produced no evidence to substantiate the allegations in his complaint, the district court correctly dismissed the case.

The district court also correctly dismissed Director Lockhart as a defendant prior to trial. Beard's claim against him appears to be based on vicarious liability which is not applicable in actions brought under 42 U.S.C. § 1983. *Rizzo v. Goode,* 423 U.S. 362, 376–377, 96 S.Ct. 598, 606–607, 46 L.Ed.2d 561 (1976); *DeShields v. United States Parole Comm'n,* 593 F.2d 354, 356 (8th Cir.1979). Moreover, since there were no findings of liability against any defendant, Lockhart would not have been found liable even on a theory of direct responsibility to supervise.

Accordingly, the judgment of the district court is affirmed.