Frank Kevin POOL, Appellant,

v.

MISSOURI DEPARTMENT OF CORRECTIONS AND HUMAN RESOURCES; Dick Moore; John Ashcroft, Appellees.

No. 87–2423.

United States Court of Appeals, Eighth Circuit.

Submitted: May 10, 1989.

Decided Aug. 28, 1989.

Sue A. Sperry, Kansas City, Mo., for appellant.

Paul M. Rauschenbach, Asst. Atty. Gen., Jefferson City, Mo., for appellees.

Before JOHN R. GIBSON and MAGILL, Circuit Judges, and HEANEY, Senior Circuit Judge.

HEANEY, Senior Circuit Judge.

Frank Kevin Pool, an inmate in the Missouri State Penitentiary, appeals from a decision of the United States District Court for the Western District of Missouri denying his request for injunctive relief and dismissing his complaint for damages on the basis of *res judicata,* mootness and frivolousness. We affirm in part, reverse in part and remand for proceedings consistent with this opinion.

## BACKGROUND

Pool filed his complaint on November 21, 1986, alleging that the defendants, acting under color of state law, deprived him of his constitutional rights in violation of 42 U.S.C. § 1983. He requested injunctive relief and monetary damages. The complaint contained seven counts, only one of which (Count 1) will be discussed in detail in this opinion.[1] The district court denied relief on all counts.

---

**1.** The remaining six counts were:

Count 2 alleged that he had not been formally charged with the assault.

Count 3 alleged that the defendants carried on a continuing practice of arresting and punishing the victims of assaults and batteries, even

On September 17, 1987, Pool filed a notice of appeal with this Court. After a review of the record, we ordered that counsel be appointed to represent Pool and that he be directed to brief the following issues:

a. Appellant's contention that his complaint states a cause of action with respect to an alleged assault on him in HU–4 when the appellant was placed in the Special Management Unit. (Count 1)

b. Whether appellant states a cause of action with respect to assaults upon him on June 14 and 15, 1986, at the time he was taking a shower. (Count 4)

c. Whether appellant's complaint states a cause of action with respect to his contention that Corrections Officer [Mann] attempted to break his arm on January 12, 1987. (Count 7)

After reviewing the briefs filed with this Court, we find only Count 1 of Pool's complaint to be meritorious.

We turn then to a more detailed analysis of this count. Pool alleged that on September 12, 1985, he was confined in Housing Unit No. 4 (HU–4) of the Missouri State Penitentiary. On that date, he observed another inmate, Tommy Williams, being severely assaulted. At the time of the assault there were approximately 300 inmates in HU–4, but only one correctional officer, Mark Wagner, was on duty. Pool further alleged that he observed Williams being stabbed in the neck, face, back, chest and hands, and he intervened to prevent the victim from being killed. While aiding Williams, another inmate assaulted Pool with a pool ball and injured him in the head. Pool was also stabbed by an un-

known assailant. He alleged that he received numerous sutures and has suffered repeated and prolonged headaches and dizzy spells coupled with dysrhythmia as a result of this attack. He further alleged that the defendants were aware of the numerous assaults that occurred in the section of the prison in which he was confined but that the defendants had failed to provide adequate security and staffing.

On September 13, Pool was charged with violating Rule No. 2—"assault." The Adjustment Board held a hearing. Its findings and recommendations were as follows:

FINDINGS: According to the violation report of CO I Mark Wagner, at approximately 1:15 p.m. on September 12, 1985, while working flag area in HU–4, reporting officer observed inmate POOL, Frank # 36073 holding a pool ball and kicking at inmate BONUCHI, Shawn # 40256 who had an ice pick type weapon in his possession.

Upon interview with CO III Joseph Rosenberg, in the presence of CO I Wagner, inmate POOL stated that the violation is not true.

SUMMARY: Subject was in housing unit to check on cell move. Subject saw T. WILLIAMS being stabbed by BONUCHI. Subject intervened, got hit by a pool ball and was stabbed by an unknown assailant. Subject helped to transport WILLIAMS to the hospital.

RECOMMENDATIONS: 10 days 3C detention; 4 days credit; release 9–22–85. CR extension not recommended due to life sentence. Refer to Special Management Unit Review Committee. Assign to

---

though the victims had no part in instigating the altercations.

Count 4 alleged that he and other inmates have been assaulted while taking showers because the defendants failed to provide adequate staffing and protection as ordered by the Court in *Tyler v. Black*, No. 82–4108–CV–C–5 (W.D.Mo. Dec. 17, 1985), *aff'd in part, rev'd in part,* 811 F.2d 424 (8th Cir.1987), *aff'd in part, withdrawn in part, vacated in part,* 865 F.2d 181 (8th Cir.), *cert. denied,* —— U.S. ——, 109 S.Ct. 1760, 104 L.Ed.2d 196 (1989).

Count 5 alleged that the internal communication system within the prison does not enable the prisoners to contact a guard in an emergency in violation of *Tyler, supra.*

Count 6 alleged that certain personal property was taken from the defendant in violation of state law, state regulations and due process.

Count 7 alleged that inmates are beaten routinely without cause.

We affirm the decision of the district court dated September 11, 1987, with respect to Counts 3 through 7 for the reason stated by the magistrate in its detailed report and recommendation to the district court dated August 4, 1987. With respect to Count 2, we affirm on the grounds of *res judicata*, as Pool previously brought an action in Cole County, Missouri, in which he alleged substantially the same facts as alleged here.

SMU Level I, 5C; review in 30 days, October 1985. Evidence: violation report.

Plaintiff then commenced this lawsuit and, as previously indicated, requested injunctive relief and monetary damages. The magistrate held hearings on the motion for a preliminary injunction on April 29, May 5, and May 12, 1987. Little or no evidence was taken at these hearings with respect to the claim under consideration. The magistrate, in his report and recommendation, discussed those claims for which Pool had requested preliminary injunctive relief (the incident under consideration here was not one of those) and denied that relief. He reasoned that Pool was no longer in danger of assault in HU–4 because he had been transferred from that unit, that Pool had not been unjustifiably assaulted, and there was no likelihood of him being so assaulted in the future. He additionally recommended that the entire action, including the claim under consideration, be dismissed as frivolous. With respect to the present claim, he simply said: "In Count I plaintiff alleges inadequate staffing and protection of inmates. This issue was litigated in *Tyler v. Black, supra.*"

### DISCUSSION

The defendants concede on appeal that *Tyler v. Black* did not involve litigation over conditions in the general population areas of the Missouri State Penitentiary. They commendably agree that the district court erred in finding that this claim was barred by prior litigation in *Tyler v. Black.* They argue, however, that the parties, including Pool, litigated the conditions in the general population sections of the Missouri State Penitentiary (including HU–4) in light of the constitutional requirements of the eighth amendment prohibition against cruel and unusual punishment in *Burks v. Walsh,* 461 F.Supp. 454 (W.D.Mo. 1978). They note that the court ordered:

> Under the conditions which exist at the Missouri State Penitentiary, the number of guards and civilian personnel who supervise the inmate population cannot be termed insufficient. This is not to say, however, that a change in conditions would not lead to an opposite finding; nor is it to indicate that this Court does not feel it would be desirable to increase the number of supervisory personnel at the Penitentiary.

*Burks,* 461 F.Supp. at 487.

Defendants assert that the doctrine of *res judicata* precludes Pool from relitigating the issue of staffing, as Pool was a party in the *Burks* litigation by virtue of his membership in the class. We certainly are not troubled by the fact that the magistrate cited *Tyler v. Black* rather than *Burks v. Walsh* in support of its decision. On the record before this Court, we cannot agree, however, that *Burks v. Walsh* is *res judicata* in this case.

In *Burks,* the plaintiffs made the following contentions with respect to HU–4: (1) that when a single toilet is flushed, other toilets back up; (2) that a single window pane was missing in the cell of one inmate; (3) that the temperature in the lower tiers is very cold in the winter, while it is comfortable toward the top; (4) that the floors of the shower are slick, moldy and grimy; (5) that the unit was very noisy between 8:00 p.m. and 10:00 p.m.; and (6) that inmates were improperly housed in two-man cells. *Burks,* 461 F.Supp. at 467–76.

No specific allegation with respect to understaffing in HU–4 was made. The district court held that the shower areas were quite satisfactory, that broken windows were replaced on a reasonable schedule, that the winter temperature within the cells was not so uncomfortable as to be totally unreasonable or to shock the conscience of the court, that the noise level did not rise to such a volume over such a length of time as to be totally unreasonable or to shock the conscience of the court. *Id.* at 485–86.

The court then went on to find:

> Under the totality of the circumstances which exist at the Missouri State Penitentiary, including but not limited to, the ability of inmates to move outside their cells during the day and evening hours, and to participate in numerous work, recreation, education, social and service

programs, and including also the high quality of the administration and staff employed at the penitentiary, *that the double celling of inmates in Housing Unit No. 4 in 109 square foot cells does not cause a living condition which is intolerable, inhumane, totally unreasonable in the light of the modern conscience, or shocking to the conscience of the Court, and thus is not violative of the cruel and unusual punishment clause of the Eighth Amendment to the United States Constitution.*

*Id.* at 487–88 (emphasis added). Thus, it appears that the *Burks* court dealt solely with the issues of overcrowding and unsanitary prison conditions. Neither of these claims are raised by Pool in his complaint.

It is true that the court noted that the number of guards supervising the prison population could not be deemed insufficient. Yet, the court did not indicate in its opinion whether it specifically considered the staffing patterns at HU–4 and, if so, what the pattern actually was at that time. The defendants do not, at this stage of the proceeding, dispute Pool's allegation that only one guard was on duty on the day he was assaulted, nor do they argue that the presence of only one guard was found to be sufficient by the *Burks* court. As there is no evidence in the record to show that Pool's claim was actually litigated in *Burks,* we cannot agree that Pool's claim is barred by *res judicata. See Harris v. Pernsley,* 755 F.2d 338, 342–43 (3d Cir.), *cert. denied,* 474 U.S. 965, 106 S.Ct. 331, 88 L.Ed.2d 314 (1985). If, on remand, the defendants are able to show that the staffing issue was actually litigated, that the court made a determination regarding the sufficiency of staffing patterns, and that one guard was sufficient under *Burks,* then Pool would be precluded from relitigating the eighth amendment issue. If, however, the defendants cannot make this showing, then the issue raised by Pool must be addressed.

■ The defendants also argue that Pool should have sought relief under *Burks v. Walsh* by claiming that the district court's order in that case was not being followed.

We do not believe that Pool was required to proceed in this fashion. Even if the *Burks* court decided that the prisoners in HU–4 had not been denied reasonable protection from violence in 1978, Pool still retains the right to seek damages for individual constitutional wrongdoing which occurred in 1985. *See Williams v. Bennett,* 689 F.2d 1370, 1381–82 (11th Cir.1982), *cert. denied,* 464 U.S. 932, 104 S.Ct. 335, 78 L.Ed.2d 305 (1983) (prisoner precluded from relitigating eighth amendment claim but not barred from raising claim of wrongdoing against prison guard). We would add that, in any event, the matter would have been directed to the same magistrate and most likely to the same district judge. Thus, there was no attempt on Pool's part to avoid having a magistrate and judge familiar with the conditions in the prison decide this matter.

■ The defendants next suggest that Pool's claim should be barred for mootness because he has been transferred from HU–4. Assuming that Pool was asking for injunctive relief with respect to this matter, we would agree. Yet, Pool also requested damages, and his right to obtain damages is not destroyed by his being transferred to another unit. *See Wiggins v. Rushen,* 760 F.2d 1009, 1011 (9th Cir.1985) (action for damages not rendered moot by prisoner's transfer to another prison). Thus, Pool's claim need not be dismissed for mootness.

■ Finally, the defendants assert that Pool's claim is frivolous. A district court may dismiss an action as frivolous only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Smith v. Bacon,* 699 F.2d 434, 436 (8th Cir.1983). A complaint which is good against a motion to dismiss for failure to state a claim may not be dismissed as frivolous under 28 U.S.C. § 1915(d). *Horsey v. Asher,* 741 F.2d 209, 212 (8th Cir.1984).

■ Defendants argue that Pool's claim is frivolous because Pool acted as a volunteer in intervening to protect the inmate who was being assaulted, citing *Beard v. Lockhart,* 716 F.2d 544 (8th Cir.1983) (per

curiam) in support of their position. We find no support for their position in that case. In *Beard*, we held that Beard's claim against Director Lockhart was based on vicarious liability which is not applicable in actions brought under 42 U.S.C. § 1983. *Id.* at 545. We further pointed out that, since there were no findings of liability against any of the other defendants (the case had gone to trial against them), Lockhart would not have been found liable, even on a theory of direct responsibility to supervise. *Id.* The court in *Beard* did not dismiss the plaintiff's complaint because he voluntarily entered into the altercation which led to his injuries. The court merely stated that the plaintiff's testimony had not supported his claims of misconduct by the guard who broke up the fight. *Id.* We have found no case which supports the position that intervening in an assault to save the life of another inmate precludes the bringing of a constitutional claim for injuries suffered in the fight. We refuse to so hold here.

 Defendants also assert that Pool's claim is frivolous because Dick Moore and Governor John Ashcroft are not proper defendants. To hold supervisors liable under section 1983, a plaintiff must show that a superior had actual knowledge that his subordinates caused deprivations of constitutional rights and that he demonstrated deliberate indifference or "tacit authorization" of the offensive acts by failing to take steps to remedy them. *Wilson v. City of North Little Rock*, 801 F.2d 316, 322 (8th Cir.1986).

 Pool alleges that Dick Moore was responsible for the overall operation of the Missouri State Penitentiary and that he was fully aware of the numerous assaults that occurred in the Missouri State Penitentiary and particularly in HU–4. Pool also alleged that Moore was aware that many of these assaults occurred as a result of the insufficient guard supervision. While Pool may not be able to prove these allegations at trial, we believe that they are sufficient to withstand a motion to dismiss for failure to state a claim. Thus, the district court

erred in dismissing Pool's claim against Dick Moore as frivolous.

 Notwithstanding the fact that Pool makes the same allegations against Governor John Ashcroft, we are not prepared to hold that he was personally aware of the situation in HU–4. Thus, we affirm the district court insofar as it dismisses the action with respect to him.

We affirm the district court on all matters but one. As to that matter, we reverse with respect to the defendant Moore and remand to the district court for further proceedings consistent with this opinion.