# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 10-1870

———————

Eric E. Bell, Sr.,                                    *
                                                      *
                        Appellant,                    *
                                                      *    Appeal from the United States
            v.                                        *    District Court for the Western
                                                      *    District of Missouri.
Kansas City Police Department;                        *
Kansas City Police Commissioner;                      *    [PUBLISHED]
Kansas City Police Chief; Dain T.                     *
Apple, Officer; Eric Stucker, Officer;                *
Aaron L. Bryant, Officer,                             *
                                                      *
                        Appellees.                    *

———————

Submitted: March 7, 2011
Filed: March 22, 2011

———————

Before MURPHY, MELLOY, and BENTON, Circuit Judges.

———————

PER CURIAM.

Arkansas inmate Eric E. Bell, Sr., appeals the district court's (1) preservice dismissal of claims against the Kansas City Police Department (KCPD) chief and individual commissioners, (2) denial of leave to amend his complaint, (3) adverse grant of summary judgment as to the remaining defendants, (4) failure to hold defendants in contempt for discovery violations, and (5) denial of appointed counsel. For the following reasons, we affirm in part and reverse in part.

We affirm the preservice dismissal of the claims against the KCPD chief and individual commissioners, see Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam) (standard of review), because respondeat superior is inapplicable to claims under 42 U.S.C. § 1983, see Vaughn v. Greene Cnty., 438 F.3d 845, 851 (8th Cir. 2006), and Bell's allegations did not state claims of supervisory liability, see Pool v. Mo. Dep't of Corr. & Human Res., 883 F.2d 640, 645 (8th Cir. 1989) (discussing supervisory liability). We also find no abuse of discretion in the denial of leave to amend given Bell's failure to show good cause for modifying the pretrial scheduling order to allow the untimely amendment of his complaint. See Fed. R. Civ. P. 16(b)(4); Popoalii v. Corr. Med. Servs., 512 F.3d 488, 497 (8th Cir. 2008).

As to the grant of summary judgment, which we review de novo considering the evidence in the light most favorable to Bell, see Cook v. City of Bella Villa, 582 F.3d 840, 848 (8th Cir. 2009), we conclude that summary judgment was proper as to Officer Erick Stucker who was not involved in the tasering incident, see Ellis v. Norris, 179 F.3d 1078, 1079 (8th Cir. 1999), and was also proper as to the claim that the officers conspired to violate Bell's constitutional rights by failing to follow KCPD policy in reporting the incident, see White v. McKinley, 519 F.3d 806, 814 (8th Cir. 2008); Neal v. St. Louis Cnty. Bd. Of Police Comm'rs, 217 F.3d 955, 959 (8th Cir. 2000).

We find, however, that there is a genuine issue of fact on whether Bell was complying with the orders of Officers Dain Apple and Aaron Bryant just before he was tasered. Apple and Bryant attested that Bell was disobeying orders to show his hands or get out of the truck, whereas Bell maintained in his notarized opposition to summary judgment, that before he was tasered, he had complied with orders to place his truck in park, turn off the truck's engine, and place his hands in the air, and that the tasering continued even after he was handcuffed and subdued. The dispute was material, because it bears on whether the use of force was objectively reasonable under the circumstances. See Brown v. City of Golden Valley, 574 F.3d 491, 496-98

(8th Cir. 2009) (court "not convinced" that officer's use of taser on passenger in vehicle stopped after police chase was objectively reasonable; passenger posed minimal security threat and was not resisting arrest or attempting to flee, officer was not faced with split-second decision, and circumstances did not constitute tense, uncertain, and rapidly evolving situation); Nyari v. Napolitano, 562 F.3d 916, 922 (8th Cir. 2009) (courts should neither weigh evidence nor make credibility determinations when ruling on motion for summary judgment); Henderson v. Munn, 439 F.3d 497, 503 (8th Cir. 2006) (police use of pepper spray on subdued arrestee was excessive force). Bell's overnight hospitalization for an irregular heartbeat and chest pain immediately following the tasering created a jury question on whether the tasering caused Bell injury that would suggest the force was unreasonable, see Cook, 582 F.3d at 850-51; and the right to be free from excessive force in the context of an arrest was clearly established at the time of the incident, see Brown, 574 F.3d at 499-500. Accordingly, we find that Bell established a triable case of excessive force against Officer Apple, and against Officer Bryant for not intervening during the incident. See Krout v. Goemmer, 583 F.3d 557, 565 (8th Cir. 2009) (duty to intervene).

We instruct the district court on remand to address whether defendants violated discovery orders by failing to produce certain videotapes, and to craft a remedy if appropriate. See Fed. R. Civ. P. 37(b)(2)(A). We also direct the court to reconsider its denial of appointed counsel. See Phillips v. Jasper Cnty. Jail, 437 F.3d 791, 794 (8th Cir. 2006) (relevant criteria).

Accordingly, we affirm the dismissal of the KCPD chief and individual commissioners; the denial of leave to amend; and the grant of summary judgment as to Officer Stucker, and as to the claim that defendants conspired to violate police policy on reporting the tasering. We reverse the grant of summary judgment to Officers Apple and Bryant on the excessive-force and failure-to-intervene claims, and remand for further proceedings consistent with this opinion.

_____