# United States Court of Appeals

### For the Eighth Circuit

_____

No. 13-1293

_____

Gabriel L. Word

*Plaintiff - Appellant*

v.

Missouri Department of Corrections; C.O. II Bradley Smith; C.O. I J. Lafferty;
C.O. I S. White

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Western District of Missouri - Springfield

_____

Submitted: November 15, 2013
Filed: November 20, 2013
[Unpublished]

_____

Before BYE, MELLOY, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Missouri inmate Gabriel Word appeals the dismissal of his 42 U.S.C. § 1983 action for damages. Upon careful review, we affirm except as to the claim against one defendant.

Word alleged in his pro se complaint, as amended, that correctional officers J. Lafferty and S. White failed to intervene when Word's cell mate attacked him, and Lafferty restrained Word's hands such that he could not defend himself. Word alleged that correctional officer Bradley Smith was the supervisor on duty at the time of the incident, and that the Missouri Department of Corrections (MDOC) violated internal policy by assigning Word and his cell mate to the same cell.

We hold that the district court properly dismissed Word's claims against MDOC, see Murphy v. Arkansas, 127 F.3d 750, 754 (8th Cir. 1997) (Eleventh Amendment bars § 1983 claims against State and its agencies); and against Smith, absent any allegation that he had actual knowledge of his subordinates' actions and failed to take remedial steps, see Pool v. Mo. Dep't of Corr. & Human Res., 883 F.2d 640, 645 (8th Cir. 1989) (requirements for supervisor liability under § 1983). We find no abuse of discretion in the dismissal without prejudice of the claim against White, who was not served, see Carmona v. Ross, 376 F.3d 829, 830 (8th Cir. 2004) (per curiam); or in the denial of leave to file a second amended complaint (proffered in August 2011), which added defendants and unrelated causes of action, see Popoalii v. Corr. Med. Servs., 512 F.3d 488, 497-98 (8th Cir. 2008).

We conclude, however, that the district court abused its discretion by implicitly denying Word's May 2012 request to amend his complaint to reflect that Lafferty was sued in his personal capacity. See Fed. R. Civ. P. 15(a)(2) (court should freely grant leave to amend when justice so requires); Kozohorsky v. Harmon, 332 F.3d 1141, 1143-44 (8th Cir. 2003) (court abused its discretion by denying amendment that would have cured pleading defect in otherwise valid § 1983 complaint). Leave to amend should be granted unless there is good reason for denial, see Foman v. Davis, 371 U.S. 178, 182 (1962); Popoalii, 512 F.3d at 497, and no such reason is apparent here. We note that Word otherwise sufficiently pleaded a failure-to-protect claim, see Farmer v. Brennan, 511 U.S. 825, 837, 847 (1994) (elements of claim); that the failure to plead capacity was the sole basis for Lafferty's successful motion to

dismiss; and that this request to amend (included in Word's opposition to the dismissal motion) occurred less than three months after counsel entered an appearance on Lafferty's behalf, and before any discovery or summary judgment deadlines had been set, see Bell v. Allstate Life Ins. Co., 160 F.3d 452, 454 (8th Cir. 1998) (delay alone is insufficient reason for denying leave to amend; prejudice to nonmovant must also be shown).

Accordingly, the dismissal of the claim against Lafferty is reversed and the claim is remanded for further proceedings, in which Word should be granted leave to amend to specify that Lafferty is sued in his personal capacity. The judgment is affirmed in all other respects.

_____