No. 84–1955. PERNSLEY ET AL. *v.* HARRIS ET AL. C. A. 3d Cir. Motion of respondents for leave to proceed *in forma pauperis* granted. Certiorari denied. JUSTICE REHNQUIST and JUSTICE O'CONNOR would grant certiorari. ▬▬▬▬▬

CHIEF JUSTICE BURGER, dissenting.

For the past nine years, the prison system in Philadelphia has been operating under the supervision of the Court of Common Pleas of Philadelphia County, following that court's finding in 1972 that prison conditions violated both the Pennsylvania Constitution and the Eighth Amendment of the United States Constitution. Since 1976, a full-time, court-appointed Special Master has been in place and numerous remedial orders have been issued, including orders requiring the building of new prison facilities and contempt orders imposing over $500,000 in fines for failure to comply with prior orders. In addition, the parties have entered into consent decrees aimed at controlling the population in the prison system. Beginning in 1984, the Pennsylvania Supreme Court assumed plenary jurisdiction over the entire state proceeding.

The state suit commenced by the filing of a class action in 1971 on behalf of all inmates in the Philadelphia prisons, seeking equitable relief from alleged unconstitutional prison conditions; defendants are officials of Philadelphia. In the case now before us, respondent Harris, an inmate who admits he is a member of the same class represented in the state action, brought a separate class action in the Eastern District of Pennsylvania on behalf of all persons confined in the Philadelphia prisons; defendants include city and state officials. The federal complaint similarly makes claims like those in the state suit, and asserts that the Philadelphia prisons are overcrowded, thereby violating the Eighth Amendment of the United States Constitution; it seeks extensive injunctive relief and monetary damages under 42 U. S. C. § 1983.

The District Court dismissed the equitable relief claims sought in this second class action on the alternative grounds of res judicata, or abstention under the doctrine of *Colorado River Water Conservation District* v. *United States*, 424 U. S. 800 (1976); it dismissed the damages claim on grounds of sovereign and qualified official immunity. A divided Court of Appeals for the Third Circuit reversed, rejecting each of the District Court's holdings. 755 F. 2d 338 (1985). In his dissenting opinion, Judge Garth agreed that while *Colorado River* did not support abstention, *Younger* v. *Harris*, 401 U. S. 37 (1971), mandated it:

> "I do not believe that Supreme Court teachings, comity, or reason support a federal court's intrusion into a state's administration of its prison system when the state courts have been, and presently are, exercising supervision over these institutions and are doing so in accordance with both state and federal constitutional requirements." 755 F. 2d, at 347.

Rehearing was denied over two dissents. 758 F. 2d 83 (1985).

Respondents essentially ask the federal courts to duplicate the ongoing state-court regulation of the Philadelphia prison system. The District Court recognized that the substantial and ongoing state-court proceedings involve an important state interest, namely, the administration of a prison system. The Court of Appeals nevertheless found *Younger* abstention restricted to pending state criminal or quasi-criminal proceedings initiated by the State. Our cases, however, recognize that "[t]he policies underlying *Younger* are fully applicable to noncriminal judicial proceedings when important state interests are involved." *Middlesex County Ethics Committee* v. *Garden State Bar Assn.*, 457 U. S. 423, 432 (1982). See also *Moore* v. *Sims*, 442 U. S. 415, 423 (1979) (the *Younger* doctrine is "fully applicable to civil proceedings in which important state interests are involved").

The *Younger* doctrine is rooted in the concept of comity, because

> "interference with a state judicial proceeding prevents the state not only from effectuating its substantive policies, but also from continuing to perform the separate function of providing a forum competent to vindicate any constitutional objections interposed against those policies." *Huffman* v. *Pursue, Ltd.*, 420 U. S. 592, 604 (1975).

There is no question that the State is a party to the ongoing state proceedings and that important state policies are implicated

in the management of the county prison system. The state courts continue to exercise comprehensive jurisdiction over the prison system's administration through use of a Special Master, by holding hearings, and by issuing remedial orders and ordering fines. Should the District Court exercise its equitable powers as sought in this second suit, the Philadelphia prisons may thus become subject to potentially conflicting and contrary determinations as to the appropriate remedy for the alleged unconstitutional conditions. Although plaintiffs here additionally seek damages, there is no bar to the assertion of that claim in the state proceedings. So long as plaintiffs have an opportunity to raise their federal claims in the state action, "[n]o more is required to invoke *Younger* abstention." *Juidice* v. *Vail,* 430 U. S. 327, 337 (1977).

I would grant the writ of certiorari and reverse the Court of Appeals judgment.