930 F.2d 33
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
Jesse L. GARCIA, Plaintiff-Appellant,
v.
Robert TANSY, Warden, his agents, servants, employees and
others acting in aid and/or concert therewith,
Individually and in their Official
capacities, Defendants-Appellees.
 No. 90-2110.
 United States Court of Appeals, Tenth Circuit.
 March 22, 1991.
 
 Before LOGAN, SEYMOUR and TACHA, Circuit Judges.
 ORDER AND JUDGMENT*
 SEYMOUR, Circuit Judge.
 
 
 1
 Jesse L. Garcia, a pro se prisoner, brought this action under 42 U.S.C. Sec. 1983 (1988) against New Mexico state prison personnel alleging denial of his constitutionally protected right of access to the courts. Garcia sued defendants both individually and in their official capacities, seeking injunctive relief and actual and punitive damages. The district court dismissed the action, ruling that the request for injunctive relief was barred by a consent decree entered in Duran v. Anaya, Order No. 77-0721 JB (D.N.M. March 15, 1984), which required such claims to be taken to a special master. The court further held that the damages claims were barred by the Eleventh Amendment. We affirm in part and reverse in part.
 
 
 2
 Garcia contends that the district court should have addressed the merits of his request for injunctive relief rather than referring that claim to a special master. We disagree. As a prisoner of the New Mexico Penitentiary, Garcia is a party to the consent decree entered in Duran v. Anaya, and is therefore bound by the court order that appoints a special master to handle civil rights claims for equitable relief. The claim for such relief was therefore properly dismissed and referred to the special master under the consent decree.
 
 
 3
 Garcia also contends that his claims for actual and punitive damages are not barred by the Eleventh Amendment. We agree. It is true that claims for money damages brought against state officials acting in their official capacities are barred by the Eleventh Amendment because such suits are in effect a suit against the state itself and any judgment would therefore be satisfied out of the state treasury. See generally Papasan v. Allain, 478 U.S. 265, 276-79 (1986); Kentucky v. Graham, 473 U.S. 159, 165-68 (1985); Griess v. State of Colorado, 841 F.2d 1042, 1045 (10th Cir.1988) (per curiam). "When a state official is sued and held liable in his individual capacity, however, even damages may be awarded." Papasan, 478 U.S. at 278 n. 11 (emphasis in original). Such a suit is not barred by the Eleventh Amendment because it imposes liability on the individual defendant rather than on the state entity. Griess, 841 F.2d at 1046. "A victory in a personal-capacity action is a victory against the individual defendant, rather than against the entity that employs him." Graham, 473 U.S. at 167-68.
 
 
 4
 A plaintiff who believes a state official has violated his constitutional rights has "a choice between suing the officer personally and suing the state." Duckworth v. Franzen, 780 F.2d 645, 649 (7th Cir.1985), cert. denied, 479 U.S. 816 (1986). Here Garcia explicitly sued defendants in both their individual and official capacities. As discussed above, the damage claims against defendants in their official capacities are barred by the Eleventh Amendment. However, we find no basis for the district court's conclusion that Garcia's claims against defendants individually are in essence against the state. We see no reason to conclude that a judgment against the individual defendants would be satisfied out of state funds. See Richard Anderson Photography v. Brown, 852 F.2d 114, 122 (4th Cir.1988), cert. denied, 498 U.S. 1033 (1989); Griess, 841 F.2d at 1045; Gamble v. Florida Dep't. of Health & Rehab. Serv., 779 F.2d 1509, 1513 (11th Cir.1986); Harris v. Pernsley, 755 F.2d 338, 343 (3d Cir.), cert. denied, 474 U.S. 965 (1985); Spruytte v. Walters, 753 F.2d 498, 511-12 (6th Cir.1985), cert. denied, 474 U.S. 1054 (1986).[1] Moreover, a defendant sued individually for merely carrying out an unconstitutional state policy is not protected from personal liability by the state's Eleventh Amendment immunity. See Richard Anderson Photography, 852 F.2d at 122; Farid, 850 F.2d at 920-21.
 
 
 5
 "[T]o establish personal liability in a Sec. 1983 action, it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right." Graham, 473 U.S. at 166 (emphasis in original).[2]
 
 
 6
 "[S]ince Ex parte Young, 209 U.S. 123 (1908), it has been settled that the Eleventh Amendment provides no shield for a state official confronted by a claim that he had deprived another of a federal right under the color of state law. Ex parte Young teaches that when a state officer acts under a state law in a manner violative of the Federal Constitution, he
 
 
 7
 'comes into conflict with the superior authority of that Constitution, and he is in that case stripped of his official or representative character and is subjected in his person to the consequences of his individual conduct. The State has no power to impart him any immunity from responsibility to the supreme authority of the United States.' "
 
 
 8
 Scheuer v. Rhodes, 416 U.S. 232, 237 (1974) (quoting Ex parte Young, 209 U.S. at 159-60 and supplying emphasis). We thus find no Eleventh Amendment bar to Garcia's suit against defendants individually for violating his constitutional right of access to the courts by denying him access to adequate legal materials. See Bounds v. Smith, 430 U.S. 817 (1977); see also Bee v. Utah State Prison, 823 F.2d 397 (10th Cir.1987).
 
 
 9
 Accordingly, we affirm the dismissal of Garcia's claims for injunctive relief and his claims for damages against defendants in their official capacities. We reverse the dismissal of the claims for damages against defendants individually and remand for further proceedings. We decline to consider other grounds for affirmance asserted by defendants on appeal. The district court should address these issues in the first instance.
 
 
 10
 AFFIRMED IN PART, REVERSED IN PART, AND REMANDED FOR FURTHER PROCEEDINGS.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 We note that a state's voluntary decision to indemnify its officials does not convert an individual capacity suit to one against the state for purposes of Eleventh Amendment immunity. See Farid v. Smith, 850F.2d 917, 923 (2d Cir.1988); Griess v. State of Colorado, 841 F.2d 1042, 1045-46 (10th Cir.1988) (per curiam); Duckworth v. Franzen, 780 F.2d 645, 650 (7th Cir.), cert. denied, 479 U.S. 816 (1986)
 
 
 [2]
 Such an official sued individually may however be able to assert qualified immunity arising from objectively reasonable reliance on existing law. See Kentucky v. Graham, 473 U.S. 159, 166-67 (1985); Farid v. Smith, 850 F.2d 917, 923 (2d Cir.1988). The district court did not address this issue and we therefore do not reach it