Hugh KENWORTHY, III and W. Thomas Tither, Jr., individually; and Hugh Kenworthy, III, W. Thomas Tither, Jr., William Dimeling and John C. Tuten, Jr., trading and doing business as Tobias Knoblauch Private Bank, Plaintiffs,

v.

Sarah W. HARGROVE, Secretary of Banking of the Commonwealth of Pennsylvania; John Brine, Peter Smith, Eleni Pournaras, Maureen McCullough, John White, individually and in their capacities as officers of Knoblauch State Bank; Thomas Foley, Secretary of Labor and Industry of the Commonwealth of Pennsylvania; and Ronald E. Chronister, former Acting Insurance Commissioner of the Commonwealth of Pennsylvania and former Acting Director of the State Workman's Insurance Fund, Defendants.

Anthony N. DINNOCENTI, Ronald N. Dinnocenti, George Connell, C. Meade Geisel, Thomas J. Keaveney, Pennmark Group, Inc., T. Brandon Weidner, W. Phelps Riley, Henry L. Serra, and Frank A. Serra, Plaintiffs,

v.

Sarah W. HARGROVE, individually and in her Capacity as Secretary of Banking, Sarah W. Hargrove, acting in her Capacity as Receiver for the Pennsylvania Deposit Insurance Corporation, Sarah W. Hargrove, acting in her Capacity as Receiver for Tobias Knoblauch Private Bank, Department of Banking of the Commonwealth of Pennsylvania, Knoblauch State Bank, Maureen H. McCullough, John F. White, Jr., Eleni A. Pournaras, Peter J. Smith, John J. Brine, State Worker's Insurance Fund, Marian State Bank, and Thomas J. Foley, Defendants.

Civ. A. Nos. 92–7416, 93–1699.

United States District Court,
E.D. Pennsylvania.

July 16, 1993.

Alan S. Fellheimer, Judith E. Fellheimer, and Maia Caplan, Philadelphia, PA, for plaintiffs.

Elizabeth C. Detwiler, Harrisburg, PA and Michael R. Bucci, Jr., and George P. Faines, Pittsburgh, PA, for defendant Sarah Hargrove.

## OPINION AND ORDER

VAN ANTWERPEN, District Judge.

## I. INTRODUCTION

This 42 U.S.C. § 1983 action arises out of the summary seizure and subsequent resolution of the Tobias Knoblauch Private Bank.[1] By our April 14, 1993 Order in *Kenworthy v. Hargrove*, No. 92–7416 (E.D.Pa.1992), we granted the defendant, Sarah W. Hargrove's ("Hargrove") Motion to Dismiss as to all claims brought against her in her official capacity and denied the Motion to Dismiss or, in the Alternative, to Stay Proceedings as to all claims brought against her in her individual capacity. Subsequently, Hargrove moved for reconsideration of the abstention as well as the immunity issues, upon which we had previously denied dismissal.[2] On May 21, 1993, we denied her Motion for Reconsideration.

Before us now is Hargrove's Motion to Amend our April 14, 1993 Order to certify an interlocutory appeal of both the abstention and immunity issues under 28 U.S.C. § 1292(b). For the reasons stated below, we deny Hargrove's Motion for certification.

## II. DISCUSSION

28 U.S.C. § 1292(b) imposes three criteria that must be met before a district court may certify an interlocutory appeal:

[t]he order must (1) involve a "controlling question of law," (2) offer "substantial ground for difference of opinion" as to its correctness, and (3) if appealed immediate-

---

1. By our June 29, 1993 Order in *Dinnocenti v. Hargrove*, No. 93–1699 (E.D.Pa.1993), we consolidated the above-captioned matters pursuant to Fed.R.Civ.P. 42(a).

2. Hargrove asserts that in light of a pending state court action in Berks County Court of Common Pleas, we should decline to exercise jurisdiction in the present case under the doctrines of either *Colorado River* or *Burford* abstention.

ly "materially advance the ultimate termination of the litigation."

*Katz v. Carte Blanche Corp.,* 496 F.2d 747, 754 (3d Cir.), *cert. denied,* 419 U.S. 885, 95 S.Ct. 152, 42 L.Ed.2d 125 (1974). Following the plain and literal meaning of the language in Fed.R.App.P. 5(a), the Third Circuit permits a district court to amend an order at any time before final judgment to certify it for an interlocutory appeal under 28 U.S.C. § 1292(b).[3] *Haas v. Pittsburgh Nat'l Bank,* 627 F.2d 677, 679 (3d Cir.1980) (citing *Braden v. University of Pittsburgh,* 552 F.2d 948, 952 (3d Cir.1977) (en banc)). Therefore, Hargrove's Motion for certification was timely. Nevertheless, we find that our April 14, 1993 Order does not meet the criteria for certification under 28 U.S.C. § 1292(b).

Hargrove contends that the *Colorado River* and *Burford* abstention issues, upon which we denied dismissal, satisfy the criteria for certification. We disagree since there is no ground for difference of opinion as to the correctness of our application of these abstention doctrines in the instant case.

■ Simultaneous litigation of similar issues in both federal and state court is generally an insufficient reason for a federal court to decline to exercise jurisdiction established by Congress. *University of Maryland v. Peat Marwick Main & Co.,* 923 F.2d 265, 276 (3d Cir.1991); *Harris v. Pernsley,* 755 F.2d 338, 345 (3d Cir.), *cert. denied,* 474 U.S. 965, 106 S.Ct. 331, 88 L.Ed.2d 314 (1985). Although a parallel litigation exception to the basic rule, known as *Colorado River* abstention, permits a federal court to decline the exercise of jurisdiction in very limited circumstances, the United States Supreme Court has vehemently emphasized " 'the virtually unflagging obligation of the federal courts to exercise the jurisdiction given them.' " *Terra Nova Ins. Co. v. 900 Bar, Inc.,* 887 F.2d 1213, 1222 (3d Cir.1989) (quoting *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 817, 96 S.Ct.

1236, 1246, 47 L.Ed.2d 483 (1976)). This obligation is especially imperative in a civil rights action, like the present case, arising under 42 U.S.C. § 1983, which offers a uniquely federal remedy for vindication of individual rights violated under the color of state law. *See Ivy Club v. Edwards,* 943 F.2d 270, 277 (3d Cir.1991), *cert. denied sub nom., Del Tufo v. Ivy Club,* —— U.S. ——, 112 S.Ct. 1282, 117 L.Ed.2d 507 (1992). Abstention under *Colorado River,* therefore, requires the clearest of justifications and is only permitted in exceptional circumstances, with the balance heavily weighted in favor of the exercise of jurisdiction. *University of Maryland v. Peat Marwick Main & Co.,* 923 F.2d at 276; *Harris v. Pernsley,* 755 F.2d at 346.

■ Here, Hargrove has failed to demonstrate the requisite "exceptional circumstances" to justify abstention under *Colorado River.* For example, no federal statute exists, like the McCarran Amendment in *Colorado River,* that evinces a tempering of the policy of enforcing a plaintiff's choice of forum in favor of a policy of avoiding duplicative or inconvenient litigation. *Harris v. Pernsley,* 755 F.2d at 346 (in section 1983 action, no federal statute suggested a congressional policy tempering the basic policy of affording plaintiffs a choice of forum); *see also Kentucky West Virginia Gas Co. v. Pennsylvania Public Util. Comm'n,* 791 F.2d 1111, 1118 (3d Cir.1986). Additionally, of special significance in light of *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 26, 103 S.Ct. 927, 942, 74 L.Ed.2d 765 (1983), is that the law applied in either forum is federal law. *Harris v. Pernsley,* 755 F.2d at 346 (in a section 1983 action, federal law applied in both federal and state forums); *see also Kentucky West Virginia Gas Co.,* 791 F.2d at 1118 (if federal substantive law governs the issues, this is a major factor weighing against the surrender of federal jurisdiction). Moreover, the litigation

---

3. However, any delay in moving to amend an order for certification may be evaluated under the "materially advances the ultimate termination of the litigation" factor of the certification test set forth in 28 U.S.C. § 1292(b). *See Haas v. Pittsburgh Nat'l Bank,* 627 F.2d 677, 679 (3d Cir.1980); *Braden v. University of Pittsburgh,* 552

F.2d 948, 952 (3d Cir.1977). Given the early stage of the present case, we believe Hargrove's approximate seven week delay before moving to amend our April 14, 1993 Order for certification is inconsequential to our evaluation of whether this factor has been satisfied.

pending in the Berks County Court of Common Pleas is not fully parallel to the action brought in the U.S. District Court, as required for *Colorado River* abstention.[4] See *University of Maryland v. Peat Marwick Main & Co.*, 923 F.2d at 276; *Harris v. Pernsley*, 755 F.2d at 346. In short, then, we can perceive of no way in which the balancing of the factors mandated by *Moses H. Cone Memorial Hosp.*, 460 U.S. at 15–16, 23–26, 103 S.Ct. at 936–37, 941–42, provides the "exceptional circumstances" necessary to justify the surrender of jurisdiction. See *Kentucky West Virginia Gas Co.*, 791 F.2d at 1118 (considering same factors and reaching the same result). Accordingly, we find that there is no basis for applying *Colorado River* abstention.[5]

■ The application of *Burford* abstention is likewise inappropriate in the present case. *Burford* abstention seeks to avoid federal intrusion into matters of local concern and which are within the special competence of state courts. *Kentucky West Virginia Gas Co.*, 791 F.2d at 1115. Unlike *Burford*, the present case does not involve complex issues of state law, the resolution of which would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial concern. See *Burford v. Sun Oil Co.*, 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943). Although administering the state banking system is of significant importance to the Commonwealth of Pennsylvania, the Court of Common Pleas does not have any special competence in determining whether Hargrove's actions comported with due process. *Cf. Harris v. Pernsley*, 755 F.2d at 344 (while administering the state prison system is of significant importance to the state, Court of Common Pleas does not have any special competence in administration of decrees aimed at correcting violations of civil rights). Additionally, *Burford* abstention is limited to federal courts sitting in equity. *University of Maryland v. Peat Marwick Main & Co.*, 923 F.2d at 271. The instant case is an action at law and seeks

monetary damages. Accordingly, there is also no basis for applying *Burford* abstention.

■ Finally, Hargrove argues that the issue of her entitlement to qualified immunity meets the criteria for certification. Again, we disagree because there is no ground for difference of opinion as to the correctness of our April 14, 1993 Order, denying dismissal as to the immunity issue.

Pursuant to the United States Supreme Court's decision in *Harlow v. Fitzgerald*, "government officials performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). Here, analyzing the Amended Complaint by the standard appropriate under Fed.R.Civ.P. 12(b)(6), we must assume that Hargrove's seizure and subsequent resolution of the Tobias Knoblauch Private Bank was an abuse of her authority, a circumvention of the express intent of the General Assembly of the Commonwealth of Pennsylvania, done solely for political reasons, and in circumstances not requiring immediate emergency action. Such actions would seem to contravene the Pennsylvania Department Banking Code provision for taking such possession. See 71 P.S. § 733–504 (Purdon 1990). In recognition of due process concerns, this statute sets forth legitimate reasons for taking possession, 71 P.S. § 733–504(A), and provides for notice and an opportunity to be heard prior to taking possession, provided immediate action is not necessary, 71 P.S. § 733–504(B). Therefore, assuming Hargrove took such actions, she violated clearly established due process rights of which a reasonable person would have known. Accordingly, she is not entitled to

---

4. At least two of the parties are different in the federal and state court actions.

5. We note that a district court order denying a motion to stay or dismiss an action when a similar suit is pending in state court is not immediately appealable under 28 U.S.C. § 1291. *Schall v. Joyce*, 885 F.2d 101, 105 (3d Cir.1989) (citation omitted).

**142**

qualified immunity under the allegations set forth in the Amended Complaint.[6]

Having found no ground for the difference of opinion on either the abstention, or immunity issues, we must deny Hargrove's Motion for certification.

6. The denial of qualified immunity is also a collateral order subject to immediate appeal under 28 U.S.C. § 1291. *Kovats v. Rutgers, State Univ.,* 822 F.2d 1303, 1306 (3d Cir.1987) (citing *Mitchell v. Forsyth,* 472 U.S. 511, 524–30, 105 S.Ct. 2806, 2815–17, 86 L.Ed.2d 411 (1985)). Pursuant to Fed.R.App. 4(a)(1), however, a timely appeal under this collateral-order exception to the finality rule must be taken within 30 days after the date of entry of the order appealed from. *Weir v. Propst,* 915 F.2d 283, 286 (7th Cir.1990) (citing *Fisichelli v. City Known as Town of Methuen,* 884 F.2d 17, 18 (1st Cir.1989); *Kennedy v. City of Cleveland,* 797 F.2d 297, 304 (6th Cir. 1986); *Kenyatta v. Moore,* 744 F.2d 1179, 1186 (5th Cir.1984)). In the instant case, Hargrove has missed the deadline for an appeal under this route.