696 So.2d 1249 (1997)
Lawrence Lee JONES, Appellant,
v.
Richard G. KIRKLAND, et al., Appellees.
No. 96-1381.
District Court of Appeal of Florida, Fourth District.
June 25, 1997.
*1250 Lawrence Lee Jones, Indiantown, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Doquyen T. Nguyen, Assistant Attorney General, West Palm Beach, for appellees.
PER CURIAM.
We reverse the dismissal of appellant's third amended complaint and remand.
Appellant alleged that while a prisoner at Martin Correctional Institution, he was charged by a disciplinary team with sexual assault; that appellees Cooper, Simmons, and Woods, presided over the disciplinary hearing for which appellant's request of staff assistance was denied; that appellant submitted a request for documentary evidence including the alleged victim's medical records and institutional records that indicated the victim had a history of making false allegations which was denied; that appellant made a request to call witnesses including 1) the nurse who examined the alleged victim and could testify that he was not sexually assaulted, and 2) an officer and inmate who would testify that the alleged victim had been appellant's *1251 lover and was the type of inmate that would lie, which was denied; and that appellant was then found guilty and sentenced to sixty days of D/C confinement and loss of 360 days of gain-time.
Appellant's grievance with appellees Kirkland and Poore, alleging his requests at the hearing had been improperly denied, was denied. Appellant then appealed to appellee Snover, who stated that the requests for documents and witnesses were denied because of danger to security.
The third amended complaint included five causes of action alleging appellees violated appellant's due process rights. There were also five causes of action, based on the same conduct, alleging appellees violated appellant's state created liberty interests under the Rules of the Department of Corrections. All ten of these counts were in effect claims for violation of appellant's due process rights under 42 U.S.C. § 1983. Finally, the pleading contained one cause of action alleging appellees were negligent by failing to follow the rules and regulations of the Department of Corrections.
Appellees filed a Motion to Dismiss, arguing 1) appellant failed to state a claim upon which relief can be granted, 2) appellees were entitled to qualified immunity in their individual capacities, 3) appellant's action was barred by the doctrine of sovereign immunity, 4) negligence is not actionable under 42 U.S.C. § 1983 and appellant had failed to comply with the requirements of section 768.28, Florida Statutes, and 5) that respondeat superior is not a basis for liability under 42 U.S.C. § 1983.
Following a telephonic hearing, the trial court granted the motion to dismiss, and dismissed appellant's action as to all defendants.
The Supreme Court has addressed the due process protections that should be afforded prisoners who are subject to disciplinary proceedings that may result in loss of gain-time which has been authorized by state statute. Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). The Court stated:
We are also of the opinion that the inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals.
Id. at 566, 94 S.Ct. at 2979. The Court went on to state that due process did not require the appointment of counsel, but added:
Where an illiterate inmate is involved, however, or where the complexity of the issue makes it unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case, he should be free to seek the aid of a fellow inmate, or if that is forbidden, to have adequate substitute aid in the form of help from the staff or from a sufficiently competent inmate designated by the staff.
Id. at 570, 94 S.Ct. at 2982.
The Rules of the Department of Corrections are consistent with the holding in Wolff. See §§ 33-22.007(2)(b)-(c); 33-22.005(4)(b); and 33-22.002(12).
Appellant alleges that appellees violated the above rules, as well as his due process rights, by denying his requests for staff assistance, witnesses, and documentary evidence, at his disciplinary hearing; that the violations were done outside the scope of appellees' employment, in bad faith, or with wanton and willful disregard of human rights, safety or property; and that appellees knew or should have known that his rights were being violated. Appellees cite no record evidence indicating why appellant's requests were denied other than appellant's own statement in the complaint that appellee Stover stated "that the Plaintiff witness or document was denied because of the danger to security."

A) Failure to State a Claim Upon Which Relief Can Be Granted:
Appellant pled that the disciplinary proceeding at which the alleged due process violations occurred resulted in a loss of 360 days of gain-time. Therefore, appellant was entitled to the limited due process protections *1252 required by Wolff. If appellant's factual allegations, that he was denied these protections improperly, are taken as true, as they must be in the context of a Motion to Dismiss, Hollywood Lakes Section Civic Ass'n v. City of Hollywood, 676 So.2d 500 (Fla. 4th DCA 1996), then he stated a claim upon which relief could be granted pursuant to Wolff and 42 U.S.C. § 1983.

B) Defense of Qualified Immunity:
Qualified Immunity generally provides government officials with a shield from civil damages liability "as long as their actions could reasonably have been thought consistent with the rights they are alleged to have violated." Anderson v. Creighton, 483 U.S. 635, 638, 107 S.Ct. 3034, 3038, 97 L.Ed.2d 523 (1987). "[W]hether an official protected by qualified immunity may be held personally liable for an allegedly unlawful official action generally turns on the `objective legal reasonableness' of the action." Id. at 639, 107 S.Ct. at 3038. The objective legal reasonableness of the action is "assessed in light of the legal rules that were `clearly established' at the time it was taken." Id. at 639, 107 S.Ct. at 3038. The official is not immune if in light of pre-existing law the unlawfulness of the action is apparent. Id. at 640, 107 S.Ct. at 3039. The relevant question is the objective question of whether a reasonable official could have believed their action was lawful, in light of clearly established law and the information the official possessed. Id. at 641, 107 S.Ct. at 3039-40. Officials who are plainly incompetent or knowingly violate the law do not benefit from qualified immunity. DeWald v. Wyner, 674 So.2d 836, 839 (Fla. 4th DCA 1996) (citing Malley v. Briggs, 475 U.S. 335, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986)).
Here, Wolff and the DOC rules clearly establish that prisoners facing the loss of gain time have a due process right in certain circumstances to have staff assistance, and have a right to call witnesses and present document evidence at the disciplinary hearing unless calling the witness may "create a risk of reprisal, undermine authority or otherwise present a threat to the security of the institution." See also Adams v. Wainwright, 512 So.2d 1077 (Fla. 1st DCA 1987). Thus, the question before the trial court was whether a reasonable official could have believed the denial of appellant's requests was lawful. The Eleventh Circuit has stated that the trial court "examines the complaint to see whether the allegations themselves reveal the existence of the qualified immunity defense, i.e., whether, under the most favorable version of the facts alleged, defendant's actions violate clearly established law  a `purely legal question.'" Bennett v. Parker, 898 F.2d 1530 (11th Cir. 1990), cert. denied, 498 U.S. 1103, 111 S.Ct. 1003, 112 L.Ed.2d 1085 (1991) (citing Mitchell v. Forsyth, 472 U.S. 511, 530, 105 S.Ct. 2806, 2817-18, 86 L.Ed.2d 411 (1985)).
Here, appellant alleged that the denial of his requests were in violation of his due process rights and the DOC rules, that they were made in bad faith, and with wanton and willful disregard of human rights. His pleading acknowledges that appellee Snover stated the requests for witnesses and documents were denied because of danger to security. However, he alleges that Snover "made the statement to cover-up the fact that he was denied witness and document evidence, and defendant Kirkland and Poore lied and stated that Plaintiff witnesses and evidence was considered." Clearly, under the most favorable version of the facts alleged, appellees' actions objectively violated clearly established law. Accordingly, dismissal of appellant's complaint cannot be supported by qualified immunity.

C) Sovereign Immunity:
The Florida Supreme Court has held that section 768.28 does not waive immunity of the state, nor its officers, employees or agents sued in their official capacities, from section 1983 actions. Hill v. Department of Corrections, 513 So.2d 129 (Fla.1987), cert. denied, 484 U.S. 1064, 108 S.Ct. 1024, 98 L.Ed.2d 989 (1988). The holding in Hill has been carefully limited by the United States Supreme Court. Howlett v. Rose, 496 U.S. 356, 110 S.Ct. 2430, 110 L.Ed.2d 332 (1990). The Court clarified that sovereign immunity in state court from section 1983 claims extends only *1253 to the state and its entities that enjoy Eleventh Amendment immunity. Id. at 383, 110 S.Ct. at 2446-47 (citing, Will v. Michigan Dep't of State Police, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989), for the proposition that an entity with Eleventh Amendment immunity is not a "person" within the meaning of § 1983). The Court was concerned that the state District Court of Appeal had extended absolute immunity to not only the State and its arms, but also to municipalities, counties, and school districts that might otherwise be subject to suit under § 1983 in federal court. Id. at 366, 110 S.Ct. at 2437. The Court concluded that "as to persons that Congress subjected to liability, individual States may not exempt such persons from federal liability by relying on their own common-law heritage." Id. at 383, 110 S.Ct. at 2447. Prison officials sued in their individual capacity, as appellees here, are subject to § 1983 liability (assuming no qualified immunity). LaMarca v. Turner, 662 F.Supp. 647 (S.D.Fla.1987); Cook v. Florida, 607 F.Supp. 606 (S.D.Fla.1985); Farid v. Smith, 850 F.2d 917 (2d Cir.1988); Williams v. Lane, 851 F.2d 867 (7th Cir. 1988), cert. denied, 488 U.S. 1047, 109 S.Ct. 879, 102 L.Ed.2d 1001 (1989); Harris v. Pernsley, 755 F.2d 338 (3d Cir.), cert. denied, 474 U.S. 965, 106 S.Ct. 331, 88 L.Ed.2d 314 (1985). Dismissal of appellant's complaint cannot be supported by sovereign immunity.

D) Section 768.28:
Appellee states that "[t]his court should also note that Plaintiff failed to comply with § 768.28, Fla.Stat. (1995)." The statute states:
(6)(a) An action may not be instituted on a claim against the state or one of its agencies or subdivisions unless the claimant presents the claim in writing to the appropriate agency ... within 3 years after such claim accrues and the Department of Insurance or the appropriate agency denies the claim in writing....
(Emphasis added). The written claim is not required when a claim is made against an official in their individual capacity. Hansen v. State, 503 So.2d 1324, 1326 (Fla. 1st DCA 1987). Appellant sued appellees in their individual and official capacities. Therefore, dismissal for failure to comply with the section 768.28 written notice requirement was not appropriate as to appellant's state law negligence claim against appellees in their individual capacities.

E) Respondeat Superior:
Appellees correctly state that section 1983 claims cannot be maintained against public officials solely on the basis of respondeat superior. Brown v. Crawford, 906 F.2d 667, 671 (11th Cir.1990), cert. denied, 500 U.S. 933, 111 S.Ct. 2056, 114 L.Ed.2d 461 (1991). "Supervisory liability occurs either when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between actions of the supervising official and the alleged constitutional deprivation." Id. at 671. Appellees then argue that it is clear that appellant was suing appellees Kirkland, Poore, Snover, and Riggins solely as a result of their supervisory positions. However, the complaint alleges that each of the appellees personally engaged in acts which deprived appellant of his limited due process rights. Accordingly, dismissal of the section 1983 claims against appellees could not be supported by any failure of appellant to plead appellees were personally involved in the deprivation of his rights, or at least that there was a causal connection between appellees' actions and the deprivation of his rights.
GLICKSTEIN, KLEIN and STEVENSON, JJ., concur.