POLEN, J.
David Huffman, an inmate at the South Bay Correctional Facility, appeals the trial court’s dismissal with prejudice of his second amended complaint alleging the deprivation of constitutional rights by the facility’s Assistant Warden and a lieutenant at the facility. We conclude the trial court correctly dismissed Huffman’s Second Amended Complaint based on Edwards v. Balisok, 520 U.S. 641, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997) which held a claim for damages and declaratory relief brought by a state prisoner challenging the validity of the procedures used to deprive him of good-time credits is not cognizable under 42 U.S.C. § 1983 because it would necessarily imply the invalidity of the deprivation of the inmate’s good-time credits. The trial court also correctly denied Huffman’s motion for rehearing which sought to file a third amended complaint because Huffman’s two new causes of action were untenable.
We note this court’s opinion in Jones v. Kirkland, 696 So.2d 1249 (Fla. 4th DCA 1997), which would appear to provide some support for the section 1983 and negligence claims Huffman filed against prison officials based on alleged procedural errors in the conduct of his disciplinary hearing, is no longer good law in light of the Supreme Court’s opinion in Edivards.[1]
STONE and STEVENSON, JJ., concur.

. Although this court's opinion in Jones issued approximately four weeks after the Supreme *618 Court’s opinion in Edwards, the import of Edwards was not addressed, and apparently not considered by this court in Jones.