PER CURIAM.
 

 Akeem Muhammad is a Sunni Muslim serving a life sentence at Florida State Prison. On May 10, 2007, he filed a civil rights complaint under 42 U.S.C. § 1983 in
 
 *505
 
 Leon County Circuit Court claiming, among other things, that the prison’s refusal to accommodate his needs during Ramadan and to house him in a single cell ■with a flush toilet violated the Religious Land Use and Institutionalized Persons Act (RLUIPA), § 42 U.S.C. 2000cc; the free-exercise clause of the First Amendment, the cruel-and-unusual-punishment clause of the Eighth Amendment, and the equal-protection clause of the Fourteenth Amendment of the U.S. Constitution. After Muhammad amended the complaint several times, the circuit court issued an order dismissing the complaint and another order sanctioning Muhammad by limiting him from filing pro se pleadings in the future. We affirm in part, reverse in part, and remand for further proceedings.
 

 We find that Muhammad did state a prima facie case for declaratory and in-junctive relief and for nominal damages under both the RLUIPA and § 1983, by alleging that appellees are denying him a non-meat diet during Ramadan in violation of the First Amendment.
 
 See, e.g., Smith v. Allen,
 
 502 F.3d 1255 (11th Cir.2007),
 
 rehearing denied,
 
 277 Fed.Appx. 979 (11th Cir.2008) (RLUIPA);
 
 Cary v. McNeil,
 
 2009 WL 631230 (N.D.Fla.2009) (§ 1983). Muhammad may sue appellees in their official capacity only under the RLUIPA and individually under § 1983.
 
 Smith,
 
 502 F.3d at 1272-75;
 
 Jones v. Kirkland,
 
 696 So.2d 1249, 1253 (Fla. 4th DCA 1997);
 
 Connor v. Halifax Hosp. Med. Ctr.,
 
 135 F.Supp.2d 1198, 1223 (MD.FIa.2001). Whether the government is justified in imposing a substantial burden on Muhammad under the RLUIPA is a question of fact for the circuit court.
 
 See, e.g., Linehan v. Crosby,
 
 2008 WL 3889604 (N.D.Fla. 2008). Whether appellees are entitled to qualified immunity for the § 1983 claim is also a factual issue for the lower court.
 
 See, e.g., O’Lone v. Estate of Shabazz,
 
 482 U.S. 342, 107 S.Ct. 2400, 96 L.Ed.2d 282 (1987);
 
 Colquitt v. Camp,
 
 2006 WL 2792894 (M.D.Fla.2006);
 
 Saleem v. Evans,
 
 866 F.2d 1313 (11th Cir.1989). We do not intend by this opinion to preclude the court from considering any other valid defenses that may be raised.
 

 We affirm the remaining issues without comment.
 

 AFFIRMED IN PART, REVERSED IN PART, and REMANDED for further proceedings.
 

 BARFIELD, WEBSTER, and PADOVANO, JJ., concur.