Ronald E. BAKER, Plaintiff–Appellant,

v.

ST. JOE MINERALS CORPORATION,
Defendant–Respondent.

No. 53228.

Missouri Court of Appeals,
Eastern District,
Division Three.

Feb. 9, 1988.

Kurt D. Breeze, Hillsboro, for plaintiff-appellant.

Jerry L. Wilkerson, Salem, for defendant-respondent.

SMITH, Judge.

Plaintiff appeals from the order of the trial court granting defendant's motion for summary judgment in a malicious prosecution case. We affirm.

Plaintiff's petition alleged that criminal charges were filed against him alleging a Class A Misdemeanor–Assault Third Degree. It further alleged "[t]hat both prior to and after the commencement of prosecution of the plaintiff, there was an investigation by defendant herein into the matter." Following a trial plaintiff alleged he was found not guilty. He further alleged, "That there was no probable cause of Ronald Earl Baker for the crime of a Class A Misdemeanor, assault third, for an occurrence on August 23, 1984." The only paragraph dealing with defendant's responsibility for the charges read:

> "That the defendants and their agents in their conduct preparing statements and furthering the prosecution was actuated by malice in that defendant initiated the prosecution primarily for purposes other than that of bringing Ronald Earl Baker to justice."

It is questionable that even giving the petition a most liberal interpretation the allegations are sufficient to state a cause of action for malicious prosecution. We need not decide that issue.

Defendant filed its motion for summary judgment attaching thereto certain deposition testimony of plaintiff and affidavits from the prosecuting attorney who filed

the information and the special prosecuting attorney who tried the case. Plaintiff's deposition testimony reflected that the only knowledge or information that he had of defendant's involvement in his prosecution was that defendant took statements from witnesses and that four of defendant's employees testified in court. The affidavit of William Fleischaker, the prosecutor who tried the case, said essentially that he believed there was probable cause for the commencement of the proceedings and that he did not observe any evidence or course of conduct by defendant or its employees demonstrating malice. The affidavit of Randall Head, the prosecutor who filed the information, stated that he filed the information solely upon his independent decision and assessment that probable cause existed. The charge was based "solely" on information received by him from the State Highway Patrol as a result of its "official investigation" and that he had no communication or contact with defendant or anyone acting on its behalf "in connection with the filing of the aforementioned charge and the commencement of the aforementioned proceedings." He further stated that the "full responsibility for any official, comprehensive and primary investigation into the assault incident ... was assumed and exercised by the Missouri State Highway Patrol." He also observed no evidence or course of conduct demonstrating malice by the defendant. He attached to his affidavit a copy of the information which was made according to the "best information, knowledge and belief" of Mr. Head. It makes no reference to defendant.

Plaintiff filed no affidavits in response to the motion for summary judgment. He did bring to the attention of the court two pages from the deposition of an employee of defendant. That document reflected the intra-corporate procedure for making investigations of violent incidents involving the company. It did not refer specifically to the incident for which plaintiff was charged, nor did it set forth what was done with any information which was received.

In their briefs here and in the trial court, the parties agreed that defendant and the union to which plaintiff belonged were engaged in a bitter and protracted strike. The information against plaintiff charged that he "recklessly created a grave risk of death to [two strikebreakers but not so identified in the information] by defendant's driving his motor vehicle across the center line of the highway into the path of an oncoming vehicle operated by [one of the strikebreakers]." Plaintiff's deposition reflects that defendant had a civil injunction proceeding pending against the union or its members at the time of this incident. Plaintiff did not know whether the defendant's investigation was in connection with the civil proceeding.

The trial court found that there was no genuine issue of fact on three elements of plaintiff's cause of action, i.e., instigation of the prosecution by defendant, the absence of probable cause, and malice by defendant.

Rule 74.04(e) provides that when a motion for summary judgment is made and supported by pleadings, depositions, admissions on file, and affidavits "an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this Rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond summary judgment, if appropriate, shall be entered against him." See *Cherry v. City of Hayti Heights*, 563 S.W.2d 72 (Mo. banc 1978) [1].

■ The tort of malicious prosecution requires proof of six elements: (1) the commencement of a prosecution against the plaintiff, (2) the instigation of that prosecution by the defendant, (3) the termination of the proceeding in favor of the plaintiff, (4) the want of probable cause for the prosecution, (5) that defendant's conduct was actuated by malice, and (6) damage to the plaintiff. *Sanders v. Daniel International Corporation*, 682 S.W.2d 803 (Mo. banc 1984) [1]. Malicious prosecution actions have never been favorites of the law as sound public policy dictates that the law

should encourage the uncovering and prosecution of criminal activity. Strict proof of each element of the tort is required. *Id.* l.c. 806.

Instigation requires that there be affirmative action by way of advice, encouragement, pressure or something similar in the institution, or causing the institution of the proceeding. The providing of honest information from which a prosecution ensues does not constitute instigation, although liability may arise from supplying false information to the prosecuting official. *Palermo v. Cottom*, 525 S.W.2d 758 (Mo.App.1975) [6–8]. By the affidavit of Mr. Head, the defendant established for purposes of the summary judgment motion that it did not instigate the prosecution. The deposition pages furnished by plaintiff did not refute that fact. Plaintiff filed nothing to refute the affidavit of Mr. Head or which set forth any conduct of defendant which would demonstrate instigation by it of the charges. At no point, in pleadings or otherwise, did plaintiff assert that defendant supplied false information to the prosecutor or the police. Under the rule it was plaintiff's obligation to furnish specific facts showing there is a genuine issue for trial. He did not do so.

The same is true as to probable cause. In *Hamilton v. Krey Packing Company*, 602 S.W.2d 879 (Mo.App.1980) [2, 3] we stated:

> "In deciding whether plaintiff proved the absence of probable cause, 'it is necessary to consider the manner in which the charge originated, because if the charge is initiated by indictment by a grand jury or by a prosecuting attorney on his sworn information and belief, either amounts to a prima facie showing that probable cause did exist for the prosecution.'"

The prosecution was commenced here by the sworn information of the prosecutor based on his "information, knowledge and belief." This established a *prima facie* showing of probable cause. Plaintiff provided nothing to the trial court to refute that showing.

He relies instead on cases typified by *Hoene v. Associated Dry Goods Corporation*, 487 S.W.2d 479 (Mo.1972) [1–6] which state that while an acquittal on the merits is not in itself *prima facie* proof of a want of probable cause, it constitutes some evidence thereof and is to be considered with the other facts and circumstances. Plaintiff here has furnished no other facts or circumstances for the acquittal to be considered with. Where a *prima facie* showing of probable cause exists, as here, the fact that plaintiff was acquitted does not, without more, create a genuine issue of fact on that issue.

Judgment is affirmed.

KAROHL and KELLY, JJ., concur.