**Darrell MCDOWELL, Appellant,**

v.

**Jimmie M. JONES, and Bill M. Armontrout, Appellees.**

No. 92–3160.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 18, 1993.

Decided April 7, 1993.

Darrell McDowell, pro se.

Thomas J. Hayek, St. Louis, MO, argued, for appellee.

Before RICHARD S. ARNOLD, Chief Judge, HEANEY, Senior Circuit Judge, and HANSEN, Circuit Judge.

RICHARD S. ARNOLD, Chief Judge.

Darrell McDowell brought this case claiming under 42 U.S.C. §§ 1983, 1985(3) that prison officials at two prisons violated his rights during his incarceration. The District Court[1] granted defendant Jim Jones's motion to dismiss and defendant Bill Armontrout's motion for summary judgment, and we affirm.

McDowell claims that while at Missouri Training Center for Men (MTCM), now Moberly Correctional Center, he was harassed generally, harassed to prevent his filing of a grievance, his property was seized, and he was transferred from MTCM to Missouri State Penitentiary in 1989, all in violation of his constitutional rights. He also claims that defendant Jim Jones, who was the superintendent of MTCM, conspired to deprive him of his rights. On January 7, 1991, the District Court granted Jones's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). The Court held that McDowell could prove no set of facts showing that the occurrences at MTCM had deprived him of his federally protected rights, as required in order to state a claim for relief under § 1983. On August 12, 1992, the District Court, addressing an amended complaint, again dismissed with prejudice.[2]

■ With respect to his allegations that prison staff harassed him generally and harassed him in order to dissuade him from filing a grievance about his seized property, we agree with the District Court's conclusion that McDowell has not alleged a violation of his constitutional rights. McDowell has not alleged that he was denied access to the grievance procedure. Verbal threats and name calling usually are not actionable under § 1983. *Martin v. Sargent,* 780 F.2d 1334, 1338, 1339 (8th Cir.1985); *cf. Burton v. Livingston,* 791 F.2d 97, 99, 100–01 (8th Cir.1986) (threatening words of prison guard, without more, do not invade a federally protected right, but such words do so when a guard "terrorized ... [prisoner] with threats of death"). We also agree that because McDowell could have pursued a state postdeprivation remedy for the conversion of his property, *Maples v. United Sav. and Loan Ass'n,* 686 S.W.2d 525, 527 (Mo.App.1985), he had no due-process claim for the seizure and denial of use of that property. *Daniels v. Williams,* 474 U.S. 327, 328, 330–31, 106 S.Ct. 662, 663, 664–65, 88 L.Ed.2d 662 (1986); *Hudson v. Palmer,* 468 U.S. 517, 533, 104 S.Ct. 3194, 3203–04, 82 L.Ed.2d 393 (1984).

■ We further agree that McDowell's transfer to MSP is not the basis for a § 1983 claim. Neither the United States Constitution nor Missouri law establishes a liberty interest in avoiding transfer to a more restrictive prison. *Meachum v. Fano,* 427 U.S. 215, 223–24, 96 S.Ct. 2532, 2537–38, 49 L.Ed.2d 451 (1976); Mo.Ann. Stat. § 217.350 (Vernon Supp.1992). See also *Brown–El v. Delo,* 969 F.2d 644, 647–48 (8th Cir.1992). Finally, the District Court also properly found that McDowell did not state a § 1985(3) conspiracy claim; McDowell alleged no meeting of the minds of the alleged conspirators. *City of Omaha Employees Betterment Ass'n v. Omaha,* 883 F.2d 650, 652 (8th Cir.1989). We affirm the District Court's dismissal as to the defendant Jones.

■ McDowell claims that many of his rights were violated when he was in the Missouri State Penitentiary (MSP), now

---

1. The Hon. Carol E. Jackson, United States Magistrate Judge for the Eastern District of Missouri, elevated to United States District Judge for the Eastern District of Missouri on August 17, 1992.

2. The District Court in August 1992 reconsidered its earlier dismissal of Jones because on February 20, 1991, plaintiff filed an amended complaint. The Court ruled that the claims against Jones in the amended complaint were similar to those in the first complaint, and we agree.

Jefferson City Correctional Center, and that the defendants conspired to deprive him of these rights.[3] Defendant Bill Armontrout was then the superintendent of the Missouri State Penitentiary.

To hold a supervisor liable under § 1983, a plaintiff must allege and show that the supervisor personally participated in or had direct responsibility for the alleged violations. *Martin v. Sargent,* 780 F.2d at 1338. Or a plaintiff could show that the supervisor actually knew of, and was deliberately indifferent to or tacitly authorized, the unconstitutional acts. *Pool v. Missouri Dept. of Corr. & Human Resources,* 883 F.2d 640, 645 (8th Cir.1989). McDowell has done neither. Armontrout denied his involvement in many of the alleged violations. Supplemental Affidavit of Bill Armontrout (Mar. 30, 1991). There is no dispute of fact here. McDowell agreed that Armontrout did not participate in the alleged violations, and he declared that he had sued Armontrout only because of Armontrout's position as warden. Deposition of Darrell McDowell (Jan. 4, 1990) 44, 50, 65. We affirm the District Court's grant of Armontrout's motion for summary judgment.

Affirmed.

---

**3.** He first claims that his rights were violated during his first two months at MSP when he was placed in administrative segregation, even though he had committed no violation. This segregation, he claims, deprived him of the rights other prisoners enjoyed, including a greater frequency of exercise and the use of his personal property and hygiene materials. He also claims that he was deprived of dental treatment and treatment for back and headaches. He further alleges that he was disciplined for an assault he did not commit, and thus was denied the use of his personal property and his right to be a member of the general prison population. He next alleges that he was harassed in order to prevent him from filing a grievance, and that he received no response to it when it was filed. Finally, he challenges his transfer to Potosi Correctional Center during early 1992.