Pursuant to the memorandum opinion filed herein this day,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that judgment is entered in favor of plaintiffs on their claim under the Fair Housing Act as amended in 1988, 42 U.S.C. § 3604(f). The private defendants are enjoined from attempting to enforce the restrictive covenant to prevent the group home in question from operating.

**IT IS FURTHER ORDERED** that judgment is entered in favor of the private defendants on plaintiffs' claim under 42 U.S.C. § 1983.

**Courtney WILKINS, Plaintiff,**

v.

**Don ROPER, et al., Defendants.**

**No. 4:92CV00276 GFG.**

United States District Court, E.D. Missouri, E.D.

Feb. 17, 1994.

Paul Rauschenbach, Atty. Gen. of Missouri, St. Louis, MO, for defendants.

Courtney Wilkins, pro se.

*MEMORANDUM*

GUNN, District Judge.

This matter is before the Court on defendants' motion for summary judgment on the remaining three counts of the complaint. Courtney Wilkins, a Missouri inmate, filed this eight-count action under 42 U.S.C.

§ 1983 against various officials of the Potosi Correctional Center. This Court granted defendants' motion to dismiss counts III, IV, VI, VII and VIII.

In Counts I and V, Wilkins alleges that his federal and state constitutional rights, respectively, were violated in connection with two disciplinary hearings. Specifically, he alleges that (1) at the first hearing the three hearing officers did not allow him to introduce as documentary evidence two documents he had shown them, (2) he was not allowed to appeal the adverse decisions of the classification teams, (3) there was insufficient evidence to support the findings of guilt, and (4) his demotion in the administrative segregation program (as recommended by the second classification team) was without justification.

In Count II Wilkins claims that his Eighth Amendment rights were violated when he was "harassed" by one of the defendants and was denied a food tray for one meal after being placed in detention during meal time.

■ In support of their motion for summary judgment on Counts I and V, defendants have submitted the two conduct violation reports and disciplinary action reports which show the evidence relied upon in finding Wilkins guilty of the conduct violations. They have also submitted the two documents to which they assume Wilkins refers in Counts I and V. In response to the motion for summary judgment, Wilkins asserts his innocence of the conduct violations. He does not dispute that the documents identified by defendants are the ones he sought to admit as evidence in the first hearing.

■ Upon review of the record the Court concludes that there was "some evidence" to support the findings of the classification teams. *See Superintendent v. Hill*, 472 U.S. 445, 454, 105 S.Ct. 2768, 2773, 86 L.Ed.2d 356 (1985). Although an inmate has a right to introduce documentary evidence at a disciplinary hearing to the extent this is consistent with institutional safety, *Wolff v. McDonnell*, 418 U.S. 539, 556, 94 S.Ct. 2963, 2974–75, 41 L.Ed.2d 935 (1974), here the Court concludes that the documents in question would not have altered the result of the

hearing. Wilkins was present at the hearing and submitted a written statement. He had a fair opportunity to present a defense. Under these circumstances the Court concludes that there was no due process violation. *See Griffin–Bey v. Bowersox*, 978 F.2d 455 (8th Cir.1992) (per curiam) (due process claims in prison disciplinary context require showing that outcome of hearing would have been different); *Forbes v. Trigg*, 976 F.2d 308, 318 (7th Cir.1992) (no due process violation where inmate's defense at disciplinary hearing not harmed by denial of right to call witnesses).

■ Inmates do not have a constitutional right to an internal appeal process. *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (per curiam). The demotion in administrative segregation was a valid sanction for the second conduct violation.

■ The prison official who allegedly harassed Wilkins was not served. In any event, general harassment by a prison official does not constitute an Eighth Amendment violation. *McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir.1993). Lastly, the Court concludes that Wilkins's has failed to state a claim under the Eighth Amendment based on the denial of a food tray for one meal.

### JUDGMENT

Pursuant to the memorandum filed herein this day,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that judgment is entered in favor of defendants on the remaining counts of plaintiff's complaint.