INTEGRA—A HOTEL AND
RESTAURANT COMPANY,
Appellant

v.

Ronald V. RAGAN, Respondent.

No. WD 48702.

Missouri Court of Appeals,
Western District.

Nov. 1, 1994.

Rehearing Denied Dec. 27, 1994.

Ryan E. Karaim and Alice G. Amick, Kansas City, for appellant.

Stewart M. Stein, Kansas City, for respondent.

Before KENNEDY, P.J., and
BRECKENRIDGE and SPINDEN, JJ.

SPINDEN, Judge.

Ronald V. Ragan was traveling in Florida when police officers arrested him for leaving a hotel in Columbia without paying his bill. Ragan remained jailed for 12 days waiting for authorities to return him to Missouri to face felony stealing charges. The prosecutor later dismissed the charges, and Ragan sued

the hotel's owner, Integra—A Hotel and Restaurant Company, for maliciously prosecuting him. The jury found for Ragan and awarded him $125,000 in damages. We reverse.

Ragan stayed at the hotel for 42 nights after accepting employment as a car salesman at Legend Automotive Group in Columbia. Before Ragan's stay, other Legend employees had stayed at the hotel, and Legend paid their bills. Hotel personnel concluded—for reasons in dispute at trial—that Legend would pay Ragan's bill. When Ragan checked out, his bill was $2,771.61.

When the hotel billed Legend for Ragan's expenses, Legend refused to pay. It claimed that Legend had never agreed to pay Ragan's bill. Integra called the Columbia Police Department which investigated. After an officer prepared a report and presented it to the county prosecutor, an assistant prosecuting attorney prepared an information charging Ragan with felony stealing. The prosecutor later dismissed the charges after deciding that he would have difficulty proving the charges and that Legend might have been responsible for the bill after all.

■ Integra appeals the judgment entered on the jury's verdict for Ragan. Integra argues, among other points, that the trial court erred in denying its motion for directed verdict, in submitting Ragan's claim to the jury, and in denying its motion for judgment notwithstanding the verdict. Integra contends that Ragan failed to establish a necessary element of malicious prosecution, a lack of probable cause. Because we agree, we do not reach Integra's other points on appeal.

■ In reviewing a trial court's denial of a motion notwithstanding the verdict, we examine the evidence in the light most favorable to the party against whom the judgment is sought. *Burnett v. Griffith*, 769 S.W.2d 780, 783 (Mo. banc 1989). For a malicious prosecution to succeed, a plaintiff must provide "strict and clear proof" of (1) the commencement of a prosecution against the plaintiff; (2) the instigation of that prosecution by the defendant; (3) the termination of the proceeding in favor of the plaintiff; (4) the want of probable cause for the prosecu-

tion; (5) that defendant's conduct was actuated by malice; and (6) damage to the plaintiff. *Id.* at 784; *Sanders v. Daniel International Corporation*, 682 S.W.2d 803, 806 (Mo. banc 1984). Where a prosecution is commenced by the sworn information of the prosecutor based upon his or her information, knowledge and belief, a *prima facie* showing of probable cause is established. *Desai v. SSM Health Care*, 865 S.W.2d 833, 839 (Mo.App. 1993); *Perry v. Dayton Hudson Corporation*, 789 S.W.2d 837, 841 (Mo.App.1990); *Baker v. St. Joe Minerals Corporation*, 744 S.W.2d 887, 889 (Mo.App.1988).

In this case, the prosecutor commenced the action against Ragan with a sworn information and affidavit. The information stated that the prosecutor, "upon his official oath charges [that] the defendant, Ronald Verne Ragan ... committed the Class C Felony of Stealing[.]" The same language was repeated in the affidavit which accompanied the information. The prosecutor, by way of deposition, testified at trial that he filed the information based solely upon his independent decision and assessment that probable cause existed. He said that his only investigation of the charge was a review of the police reports he received from the Columbia Police Department. We conclude that a *prima facie* showing of probable cause was made based upon the commencement of the action by the sworn information of the prosecutor.

■ Ragan correctly asserts that the *prima facie* showing of probable cause may be rebutted where it is shown that the charge was brought on false information from the complainant and that the falsity was discoverable upon reasonable investigation. *Moad v. Pioneer Finance Company*, 496 S.W.2d 794, 799 (Mo.1973). *See also Desai*, 865 S.W.2d at 839; *Perry*, 789 S.W.2d at 841; *Baker*, 744 S.W.2d at 889. Ragan, however, did not establish false testimony.

■ Ragan contends that "[t]here was ample evidence presented at trial which justified a finding by the jury that the agents of Integra were untruthful with the [Columbia Police Department] when [Integra] initiated the legal machinery which ultimately caused

the criminal charge to be brought against [Ragan]." In particular, Ragan argues:

> Robert Sterner, the former Boone County Assistant Prosecuting Attorney, testified that no facts were presented by [Integra] to the [Columbia Police Department] or the Prosecuting Attorney's office regarding the fact that a direct billing account had been approved for [Ragan] which was to be paid by his employer. Furthermore, Mr. Sterner testified that if he had known of the facts giving rise to the direct billing account for Mr. Ragan prior to the bringing of charges, he would not have believed that probable cause existed. He further testified that he had not been told of the apparent inconsistency in [Integra's] paperwork, and that someone else (Legend) was probably responsible for payment.

Ragan asserts that Integra's failure to provide the salient facts involving the direct billing account for Ragan amounted to a material misstatement of the facts. He contends that false information may be provided by either commission or omission. We fail to see any "salient facts" which were either misstated or omitted.

Before filing the charges the prosecutor did not speak to Integra's employees. He relied solely on the police report. The police report said:

> Mr. Luca [sic], [General Manager of Holiday Inn East,] stated that Mr. James [of Legend Automotive Group] had advised him that Ragan would be responsible for all bills incurred[;] however[,] apparently Ragan convinced Holiday Inn East employees [that] Legend Automotive Group would be picking up the tab. This apparently continued for some time until Mr. Luca [sic] contacted Bill James at Legend Automotive and advised by Mr. James that Ragan was in fact responsible for payment of all bills incurred at the Holiday Inn East.

Attorneys asked the prosecuting attorney about the police report:

Q. ... You read these police reports before you filed your sworn Information and affidavit, right?

A. If these are those reports, yes.

Q. So you would agree then, if these are the reports, that when you filed the information and the affidavit, you would have known that it was the Holiday Inn's position, specifically Mr. Luka's, that Ron Ragan had convinced the Holiday Inn that Legend Automotive Group would be picking up the tab, and also that Legend Automotive Group would deny this?

A. Yes. That he convinced the Holiday Inn employees of that, and that Bill James of Legend Automotive denied that. Yes. That would be my understanding.

Q. Now, going back to Statute 578.030, Paragraph 1 states, first of all, "appropriation of property or services." Now, there's no question in this case that there were services in the amount of $2700.00, correct, that Mr. Ragan utilized, I guess you could call it? Would you agree with that?

A. From the records I have before me, yes, I would.

Q. That wouldn't be hard to prove.

A. Correct.

Q. The second half, if I understand, is that it was deprived without the consent, or by means of deceit or coercion. Would that be an accurate statement?

A. Well, the appropriation and deprivation could have been proved. And then we go down to consent or deceit.

Q. Was there any evidence that the Holiday Inn—well, first of all, let's back up. It's consent or deceit, right?

A. Yes.

Q. According to the police report, the Holiday Inn took the position they were deceived by Ron Ragan and Legend Automotive backed that up, didn't they?

A. Yes.

. . . .

Q. But that information was in the police report that was filed in August, long before you filed the Information and Affidavit, correct?

A. I would assume that it was.

. . . .

Q. Now, would you agree with me that there was evidence that Ron Ragan de-

ceived the Holiday Inn, that Legend Automotive more or less backed that up, there was evidence to prosecute the case?

A. Yes. There was evidence that he deceived.

Q. And wouldn't that be evidence of probable cause to proceed with the case, or evidence to support a finding of probable cause?

A. Yes.

The police report clearly indicated that Integra informed police that it had established a direct-billing account for Ragan. The police knew that Integra believed that Legend would pay for Ragan's stay, but, after Ragan checked out, Legend refused to pay. Ragan also emphasizes the prosecutor's assessment that Integra's books were "inconsistent," but the books, which indicated that the account was to be directly billed, were consistent with Integra's belief that Legend would pay the bill. The evidence does not establish, as Ragan contends, that Integra provided false information or omitted material information.

So, when the prosecutor brought the charges against Ragan, he believed that probable cause existed. That he later changed his mind, does not change the fact that a *prima facie* showing of probable cause existed at the time of the filing of the information. Ragan did not rebut this *prima facie* showing by establishing that false testimony was the basis of the charge.

We reverse the trial court's judgment.

All concur.