81 F.3d 164
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Robert L. WORTHON, Plaintiff-Appellant,
v.
Denis DOWHEN and Michael Broos, Defendants-Appellees.
 No. 95-1115.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 14, 1996.*
Decided March 25, 1996.
 
 Before POSNER, Chief Judge, and MANION and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Robert Worthon, formerly a detainee at the Milwaukee County House of Correction, brought suit against correctional officers at that institution who allegedly used excessive force against him, verbally abused him, and deprived him of his First Amendment right to practice his religion. 42 U.S.C. § 1983. The district court dismissed Worthon's excessive force and verbal abuse claims for failure to state a cause of action, Fed.R.Civ.P. 12(b)(6), and granted summary judgment to defendants on Worthon's First Amendment claim, Fed.R.Civ.P. 56.[1] Worthon appeals. We vacate and remand the dismissal for failure to state a claim for excessive force, but affirm the other decisions of the district court.
 
 
 2
 In reviewing the excessive force and verbal abuse claims, we take the facts as Worthon alleged them in his amended complaint. The events in question occurred while Worthon was being prepared for transportation to court on January 15, 1993. After Worthon had been escorted to the transportation area and placed in restraints, defendant Broos took Worthon's personal Bible from under his arm and threw it on the floor. He pushed Worthon into a wall and twisted his arm behind his back while saying, "Take this, black smart ass." Defendant Dowhen arrived and twisted Worthon's arm behind his back twice, causing pain and swelling, and called Worthon a "black motherfucker" and "black ass nigger." Worthon asserts that he offered no physical or verbal resistance and claims that such treatment violated his Eighth Amendment right to be free from cruel and unusual punishment. Further, he claims that by taking his Bible Broos violated his First Amendment right to practice his religion. On appeal, Worthon argues that the district court erred in failing to grant his motion for judgment on the pleadings; in failing to respond to his requests for subpoenas, consequently denying him his right to call witnesses; and in failing to appoint counsel to represent him.
 
 I. Verbal Abuse and Excessive Force Claim
 
 3
 The district court dismissed Worthon's verbal abuse and excessive force claims under Rule 12(b)(6). Although racial slurs are unprofessional and deplorable, they do not constitute a deprivation of constitutionally protected rights, Patton v. Przybylski, 822 F.2d 697, 700 (7th Cir.1987); McDowell v. Jones, 990 F.2d 433, 434 (8th Cir.1993), and an allegation of such a deprivation is an essential element of a § 1983 action. 42 U.S.C. § 1983. We affirm the dismissal of the verbal abuse claim.
 
 
 4
 The dismissal of Worthon's excessive force claim presents a problem. The court may not look beyond the parties' pleadings when considering a Rule 12(b)(6) motion: if "matters outside the pleading are presented to and not excluded by the court" in connection with a motion to dismiss, the district court must treat the motion as one for summary judgment pursuant to Federal Rule of Civil Procedure 56. See Fed.R.Civ.P. 12(b). Here, although the district court dismissed Worthon's excessive force claim under Rule 12(b)(6), it relied upon defendants' representation, supported by affidavit, that Worthon had failed to seek medical attention for his arm. It also stated that Worthon did not dispute that fact. The defendants' affidavit is the problem because it was "presented to and not excluded by the court," and was relied upon by the district court in reaching its decision. Because the district court erred in treating the disposition as a Rule 12(b)(6) dismissal rather than as a summary judgment, Lewis v. Faulkner, 689 F.2d 100 (7th Cir.1982), we vacate the dismissal of the excessive force claims and remand it for further proceedings.
 
 II. Freedom of Religion Claims
 
 5
 Worthon alleged that defendant Broos prevented him from practicing his religion by taking away his Bible before he went to court. The district court granted summary judgment on this claim. Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). We review a grant of summary judgment de novo. Smith v. Shawnee Library System, 60 F.3d 317, 320 (7th Cir.1995). Although we review all facts and inferences in the light most favorable to the nonmoving party, to avoid summary judgment that party must supply evidence sufficient to allow a jury to render a verdict in his favor. Anderson v. Liberty Lobby, 477 U.S. 242, 248-49 (1986).
 
 
 6
 The defendants submitted an affidavit stating that it is established policy that, besides their legal papers, prisoners may take only pocket-sized Bibles or Korans into court because the smaller books are less likely to conceal contraband or themselves be used as weapons. For court appearances the jail provides pocket-sized Bibles or Korans to those prisoners who have only larger books, and the prisoners' books are returned to them when they return from court. Worthon contests the existence of the jail policy, but he does not assert that he was not given a pocket-sized Bible to take to court, or that his Bible was not returned to him. Because Worthon makes no showing that he was denied access to the Bible or otherwise restricted from practicing his religion, the district court correctly granted summary judgment for the defendants.
 
 III. Request for Counsel
 
 7
 Finally, Worthon contends that the district court erred in refusing to ask an attorney to represent him. Plaintiffs have no constitutional or statutory right to counsel in federal civil cases. Farmer v. Haas, 990 F.2d 319, 323 (7th Cir.), cert. denied, 114 S.Ct. 438 (1993). The district court may choose to request counsel for indigent parties, 28 U.S.C. § 1915(d), but it is not required to do so. We review the district court's decision of whether to request counsel only for abuse of discretion, "which we shall override only in that extreme case in which it should have been plain beyond doubt before the trial began that the difficulty of the issues relative to the capabilities of the litigant would make it impossible for him to obtain any sort of justice without the aid of a lawyer." Farmer, 990 F.2d at 323. The proper question is: "given the difficulty of the case, did the plaintiff appear to be competent to try it himself and, if not, would the presence of counsel have made a difference in the outcome?" Id. at 322. Here it was not unreasonable for the district court to conclude Worthon was competent to try his case himself.
 
 
 8
 AFFIRMED in part, VACATED and REMANDED in part.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Accordingly, the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 By denying Worthon's previous summary judgment motion and later granting defendants' motions for summary judgment and dismissal for failure to state a claim, the district court effectively denied Worthon's motion