# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-1326

_____

| | | |
|---|---|---|
| Jeffery D. Williams, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Southern District of Iowa. |
| Ron Harness, | * | |
| | * | [UNPUBLISHED] |
| Appellee. | * | |

_____

Submitted: May 3, 2000
Filed: May 10, 2000

_____

Before RICHARD S. ARNOLD, BOWMAN, and BEAM, Circuit Judges.

_____

PER CURIAM.

Jeffery D. Williams slipped and fell on a wet floor at the Mount Pleasant Correctional Facility in September 1995, injuring his back and neck. He later filed this 42 U.S.C. § 1983 action for damages against correctional officer Ron Harness, against whom Williams had filed grievances, complaining about Harness's treatment of him between September 1995 and January 1996. The magistrate judge[1] conducted a bench trial and thereafter found no evidence of retaliation and concluded that Williams--who was denied one meal during Harness's shift, and who was subject to unspecific verbal

_____

[1]The Honorable Celeste F. Bremer, United States Magistrate Judge for the Southern District of Iowa, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

harassment and three or four cell searches--did not otherwise establish a violation of his constitutional rights. Williams appeals the adverse judgment, and we affirm.

Having reviewed the record, we conclude Williams has not shown that the court's factual findings were clearly erroneous, or that the court erred in concluding Harness's actions did not constitute a violation of Williams's constitutional rights. See Fed. R. Civ. P. 52(a); Estate of Davis v. Delo, 115 F.3d 1388, 1393-94 (8th Cir. 1997) (findings of fact after bench trial reviewed for clear error; whether defendant's actions constituted constitutional violation is legal issue reviewed de novo); cf. Madewell v. Roberts, 909 F.2d 1203, 1206 (8th Cir. 1990 (otherwise proper acts are actionable under § 1983 if taken in retaliation for exercise of constitutional right); see generally Scher v. Engelke, 943 F.2d 921, 924 (8th Cir. 1991) (Eighth Amendment protects inmates from cell searches if conducted for calculated harassment and unrelated to prison needs), cert. denied, 503 U.S. 952 (1992); McDowell v. Jones, 990 F.2d 433, 434 (8th Cir. 1993) (inmate's claims of general harassment and of verbal harassment were not actionable under § 1983); Wilkins v. Roper, 843 F. Supp. 1327, 1328 (E.D. Mo. 1994) (denial of one meal does not give rise to constitutional violation).

Because we find Williams's other arguments on appeal--including his assertions that Harness lied at trial and provided incomplete discovery, and that the court should have entertained unspecified state law claims--are not grounds for reversal, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.