# UNITED STATES COURT OF APPEALS
## FOR THE EIGHTH CIRCUIT

_____

No. 00-1487

_____

| | | |
|---|---|---|
| Timothy Kurtz and Joy Cain | * | |
| | * | |
| Plaintiffs - Appellants, | * | Appeal from the United States |
| | * | District Court for the Eastern |
| v. | * | District of Missouri |
| | * | |
| City of Shrewsbury, | * | |
| | * | |
| Defendant - Appellee, | * | |
| | * | |
| Bert L. Gates, Mrs. Bert L. Gates, | * | |
| | * | |
| Defendants, | * | |
| | * | |
| Steven Kruse, Brian Trendley, | * | |
| Police Officer;Warren Steve Runge, | * | |
| Police Officer; Gary Miener, | * | |
| Police Officer; Bert L. Gates, Mayor, | * | |
| | * | |
| Defendants - Appellees | * | |

_____

Submitted:  January 10, 2001
Filed:  March 23, 2001

_____

Before BEAM and MORRIS SHEPPARD ARNOLD, Circuit Judges, and DOTY[1],
District Judge.

_____

[1]The Honorable David S. Doty, United States District Judge for the District of
Minnesota, sitting by designation.

_____

DOTY, District Judge.

Timothy Kurtz and Joy Cain filed this action in District Court against the City of Shrewsbury, Missouri and various city officers in their official capacities, the mayor and his wife individually, and Shrewsbury police officers Warren Steve Runge and Gary Meiner alleging claims under 42 U.S.C. § § 1983 and 1985 and various state law claims.

Plaintiffs allege that defendants are liable for their involvement in the purported false arrest and malicious prosecution of plaintiff Timothy Kurtz, as well as a conspiracy to harass plaintiffs by conducting surveillance of their home, searching visitors to their home, making disparaging comments, and several other incidents. The district court[2] dismissed plaintiff Cain's state law claims as barred by the statutes of limitations against Mrs. Gates and Mayor Gates in his individual capacity, and granted defendants' motion for summary judgment as to all remaining claims. Plaintiffs now appeal. For the reasons stated, we affirm.

I.

Bert L. Gates is the Mayor of the City of Shrewsbury, Steven Kruse is Chief of Police, Brian Trendley is a police officer with the City of Shrewsbury, Gary Meiner is a former police officer and Warren Runge is a former police officer. Mayor Gates lived

---

[2] Pursuant to 28 U.S.C. § 636(c), the Honorable Terry I. Adelman, United States Magistrate Judge, Eastern District of Missouri presiding.

on the same street as plaintiffs and received frequent complaints from neighbors about Kurtz and his friends. The neighbors expressed concern about the high volume of traffic on the street that appeared to be associated with the Kurtz home. Neighbors also complained that many of the cars were loud and violated the speed limit. Gates advised the chief of police of these complaints and asked the chief to handle them appropriately. Chief Kruse met with detective Meiner, patrolman Trendley and patrolman Runge to devise a plan for responding to the neighborhood complaints. Kruse asked the three officers to conduct surveillance in the neighborhood. Officer Trendley confirmed the heavy volume of traffic and observed that the vehicles remained at the Kurtz residence for short periods of time. Officer Trendley concluded that these facts were consistent with possible narcotics transactions.

On June 13, 1995, Officers Trendley, Meiner and Runge were involved in surveillance of the Kurtz home. Officer Meiner reported over the police radio that he observed a blue Ford Probe arrive at the Kurtz residence and depart shortly thereafter. Officer Runge stopped the car which was driven by Jack J. Sheradano III and checking the registration learned that it belonged to Sheradano's father. Officer Runge conducted a consent search of the vehicle which produced controlled substances. He asked Sheradano to park his car and took him to the police station where he booked Sheradano for possession of marijuana and drug paraphernalia. When Officer Runge returned Sheradano to his vehicle, it was gone. Sheradano directed Officer Runge to the Kurtz residence, where he found the vehicle parked on the street. Timothy Kurtz admitted that he had driven the car. Officer Runge knew that Timothy Kurtz was only 15 years of age and only had a temporary learner's permit. However, Kurtz said that Michael Roberts, a licensed driver, had been with him when he moved the vehicle.

Roberts, when questioned, confirmed that he was with Kurtz when the car was moved.

When interviewed by Officer Runge, Mr. Jack Sheradano, Jr., the owner of the car, stated that he had not given Kurtz permission to operate it. Officer Runge then arrested Kurtz and booked him for tampering with the car and for driving without a license. Officer Runge asserts that no other co-defendant specifically directed him to arrest Kurtz.

Plaintiffs sued, contending that the defendants conspired to harass and intimidate plaintiffs, and then proceeded to investigate, arrest, hold and prosecute Timothy Kurtz without probable cause, in violation of the plaintiffs' civil rights.

The district court dismissed plaintiff Cain's state law claims of malicious prosecution and false arrest, in part, as barred by the Missouri statutes of limitation. The district court then granted the remaining defendants, the City of Shrewsbury, Mayor Gates in his official capacity, Chief of Police Steven Kruse, and police officers Brian Trendley, Warren Runge and Gary Meiner, summary judgment.

Plaintiffs now appeal contending that the district court erred in determining that probable cause existed for plaintiff Kurtz' arrest. Specifically, they maintain that there are substantial issues of material fact in dispute regarding the claims of false arrest, malicious prosecution and the civil rights violations.

## II.

This court reviews de novo a district court's decision to grant summary

judgment. *Anderson v. Franklin County, Mo.*, 192 F.3d 1125, 1131 (8th Cir. 1999). Upon review, the court must consider all evidence in the light most favorable to the non-moving party. *Id.* Pursuant to Fed. R. Civ. P. 56(c), a court may grant summary judgment only when no genuine issues of material fact exist and the movant is entitled to judgment as a matter of law. *Greer v. Shoop*, 141 F.3d 824, 826 (8th Cir. 1998). The moving party has the burden of establishing the right to summary judgment on the record submitted. *I.T.T. Commercial Fin. Corp. v. Mid-America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. 1993).

Our review of the record leads us to the same result as that reached by the district court: (1) the record does not reflect that there are any material facts in dispute; (2) the record fails to support plaintiffs' claims that a concerted city or police department policy caused the alleged constitutional deprivations suffered by appellants; and (3) plaintiffs fail to produce evidence sufficient to withstand summary judgment supporting their contention that the city or police officers lacked probable cause on the claims of the alleged false arrest and malicious prosecution of Timothy Kurtz.

A.  Missouri Sate Law Claims

Plaintiffs allege state law claims for false arrest and malicious prosecution . A false arrest occurs when there is a confinement without legal justification. *Desai v. SSM Healthcare*, 865 S.W.2d 833, 836 (Mo. Ct. App. 1993); *Day v. Wells Fargo Guards Service Co.*, 711 S.W.2d 503, 504 (Mo. 1986) (holding that plaintiff must prove that there was confinement without legal justification).  The unlawfulness of the restraint is a key element in a cause of action for false arrest. *Desai*, 865 S.W.2d at 836.  A

police officer who has probable cause to believe that a suspect has committed a crime is not liable for the state law tort of false arrest simply because the suspect is later proven innocent or the charges are dismissed. *Hannah v. City of Overland*, 795 F.2d 1385, 1389 (8th Cir. 1986) (*citing Pierson v. Ray*, 386 U.S. 547, 555 (1967)). *See also United States v. Wallraff*, 705 F.2d 980, 990 (8th Cir. 1983) (holding that probable cause to arrest exists where totality of facts would justify a prudent person in believing the individual arrested had committed an offense). An officer is empowered to make an arrest if he or she has reasonable grounds to believe that the person is guilty of the offense. *Rustici v. Weidemeyer*, 673 S.W.2d 762, 769 (Mo. 1984).

An action for malicious prosecution in Missouri must show that the prosecution lacked probable cause to survive summary judgment. *See Sanders v. Daniel Int'l Corp.*, 682 S.W.2d 803, 807 (Mo. 1984). Malicious prosecution also requires a showing that defendant's conduct was actuated by malice. *Id.* Legal malice is defined as any improper motive, and thus, a plaintiff must prove that a defendant initiated prosecution for purposes other than bringing an offender to justice. *Id.*

The record adequately supports the district court's determination that the police officers had reasonable cause to believe that Timothy Kurtz, a fifteen-year old with a learner's permit, had unlawfully operated the vehicle in question and had done so without the owner's permission. Under Missouri law, the crime of tampering occurs when one "unlawfully operates an ... automobile without the consent of the owner thereof." Mo. Rev. Stat. § 569.080. Similarly under Missouri law, a learner's permit only allows a minor to operate a vehicle under the supervision of a parent, grandparent, or guardian. Mo. Rev. Stat. § 302.130.

We thus affirm the district court's conclusion that the Missouri law claims fail because defendants had probable cause to arrest and prosecute Kurtz for tampering and driving without a valid license. *See Edwards v. McNeill*, 894 S.W.2d 678, 683 (Mo. Ct. App. 1995) (reasonable belief that individual committed offense complete defense to false arrest claim); *Baker v. St. Joe Minerals Corp.*, 744 S.W.2d 887, 889 (Mo. Ct. App. 1988) (absence of probable cause for prosecution is essential element of malicious prosecution claim).

### B. Civil Rights Claims: 42 U.S.C. § § 1983 & 1985

We also affirm the trial court's decision that the plaintiffs' allegations of false arrest and malicious prosecution do not establish a civil rights cause of action under 42 U.S.C. §§ 1983 and 1985.

Section 1983 only provides a remedy for violations of rights expressly secured by federal statutes or the Constitution. *Maine v. Thiboutot*, 448 U.S. 1, 4 (1980)*; McNees v. City of Mountain Home*, 993 F.2d 1359, 1361 (8th Cir.) (claim for malicious prosecution is not cognizable under § 1983 if it does not allege a constitutional or federal statutory injury). The Constitution does not mention malicious prosecution nor do plaintiffs cite a basis for a federal action for malicious prosecution. Moreover, this court has uniformly held that malicious prosecution by itself is not punishable under § 1983 because it does not allege a constitutional injury. *Gunderson v. Schluetter*, 904 F.2d 407, 409 (8th Cir. 1990). Thus, plaintiffs' allegation of

malicious prosecution cannot sustain a civil right's claim under § 1983. *Kohl v. Casson*, 5 F.3d 1141, 1145 (8th Cir. 1993) (allegations of malicious prosecution without more do not state civil rights claim). Accordingly, and since the record is wholly devoid of any evidence substantiating a claim of malicious prosecution, the district court was correct in concluding that the plaintiff's claim fails as a matter of law.

Similarly, a false arrest claim under § 1983 fails as a matter of law where the officer had probable cause to make the arrest. *See Anderson v. Franklin County*, 192 F.3d 1125, 1131 (8th Cir. 1999) (false arrest claim under § 1983 does not lie where officer had probable cause to make arrest). Since the record adequately supports the conclusion that the police officers had probable cause to arrest Kurtz for tampering, plaintiffs' allegations of false arrest fail to establish a civil rights violation. *See* Mo. Rev. Stat. § 569.080 (person commits the crime of tampering when he or she wrongfully operates an automobile without the consent of the owner). It is undisputed that Kurtz lacked the owner's consent. Thus, the police officers had sufficient probable cause to arrest Kurtz, and plaintiffs have no claim for false arrest under § 1983.

Appellants are also unable to support a claim for conspiracy to deprive them of their civil rights under 42 U.S.C. § 1985. In order to succeed in a civil rights conspiracy claim under § 1985, a plaintiff must provide some facts suggesting a mutual understanding between defendants to commit unconstitutional acts. *Smith v. Bacon*, 699 F.2d 434, 436 (8th Cir. 1983). Other than the appellant's bare allegations, the record is devoid of any evidence substantiating a claim of conspiracy.

Lastly, we affirm the trial court's determination that defendants' actions here were neither unwarranted nor unconstitutional. The record abundantly reflects the fact that defendants were legitimately responding to neighborhood complaints of excessive noise, speeding, and activity that raised concerns of drug trafficking. Furthermore, any alleged verbal harassment, in the form of threats and unflattering remarks directed at plaintiffs, does not rise to the level required to establish a constitutional violation. *See McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993); *King v. Olmsted*, 117 F.3d 1065, 1067 (8th Cir. 1997) (verbal harassment actionable only if it is so brutal and wanton that it shocks the conscience, or results in a deprivation of constitutional rights).

Accordingly, we affirm the decision of the district court to grant defendants summary judgment on all claims.

A true copy.


ATTEST:


CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.