# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-3014

_____

Keith Wayne Simpson,                     *
                                         *
            Appellant,                   *
                                         *
                                         *   Appeal from the United States
      v.                                 *   District Court for the
                                         *   District of Minnesota.
                                         *
Sheryl Ramstad Hvass, Sued as Cheryl     *
R. Hvass, Commissioner of                *        [UNPUBLISHED]
Corrections; David Crist, Warden; Tim    *
Lanz, Unit Director; Brad Hughes,        *
Lieutenant; Dale Kanon, Sargeant;        *
Jenny Dunn, Correctional Officer; D.     *
Valentine, Correctional Officer; John    *
Doe, Unknown; John Doe, Unknown,         *
                                         *
            Appellees.                   *

_____

Submitted: April 3, 2002
Filed:  April 5, 2002

_____

Before McMILLIAN, BOWMAN, and BYE, Circuit Judges.

_____

PER CURIAM.

Minnesota inmate Keith Wayne Simpson appeals the District Court's[1] order dismissing, under 28 U.S.C. § 1915A(b) (Supp. IV 1998), his 42 U.S.C. § 1983 (Supp. IV 1998) action. After de novo review of the record, see Cooper v. Schriro, 189 F.3d 781, 783 (8th Cir. 1999) (per curiam) (standard of review), we affirm.

Simpson, who is African-American, alleged that after he was released from segregation on two occasions, he was denied immediate reinstatement to a prison vocational program in which he had been enrolled, while white inmates who had been placed in segregation were promptly reinstated. He also alleged that on four different occasions he was locked down in his cell for twenty-four hours without due process, and when he complained to the warden, two defendant officers verbally threatened to hold him responsible if anything happened to one of the officers whom Simpson had reported; the day after the verbal threat, Simpson's cell was searched and he was placed in segregation for possessing contraband. Further, another defendant officer charged $5.00 to Simpson's inmate account without Simpson's permission.

The District Court properly dismissed Simpson's complaint. The state laws and prison policies Simpson cited do not establish a liberty interest in being free from the alleged "harassment," see Callender v. Sioux Residential Treatment Facility, 88 F.3d 666, 669 (8th Cir. 1996) (holding that, when determining existence of liberty interest in prisoner cases, focus should be on essence of deprivation, not on mandatory language of statutes or regulations); Simpson had no right to due process prior to being confined to his cell for a twenty-four hour period, cf. Key v. McKinney, 176 F.3d 1083, 1086-87 (8th Cir. 1999) (holding that twenty-four hours in restraints did not work a major disruption in inmate's prison life and thus inmate had no right to due process before restraints were imposed); the officers' verbal threats are not

---

[1]The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota, adopting the report and recommendations of the Honorable Jonathan G. Lebedoff, United States Magistrate Judge for the District of Minnesota.

actionable in this section 1983 suit, <u>see</u> <u>McDowell v. Jones</u>, 990 F.2d 433, 434 (8th Cir. 1993); Simpson did not allege that his segregation for possessing contraband was unwarranted, <u>cf.</u> <u>Farver v. Schwartz</u>, 255 F.3d 473, 474 (8th Cir. 2001) (per curiam) (holding that a disciplinary based on some evidence of violation "essentially checkmates" retaliation claim) (internal citation omitted); and the Minnesota Department of Corrections has a policy regarding inmates' claims for lost or damaged property, <u>see</u> <u>Hubenthal v. County of Winona</u>, 751 F.2d 243, 246 (8th Cir. 1984) (per curiam) (holding that even unauthorized deprivation of property by state officials does not violate due process requirements if meaningful post-deprivation remedy is available).

Further, Simpson had no independent constitutional right to continue the courses he was taking, and his equal protection claim failed because he could not show he was similarly situated to inmates who were allegedly reinstated as soon as they were released from segregation. <u>See</u> <u>Wishon v. Gammon</u>, 978 F.2d 446, 450 (8th Cir. 1992). Accordingly, Simpson's related claims regarding a conspiracy and supervisory liability were properly dismissed as well.

We affirm the judgment of the District Court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.